306

**UNITED STATES v. FANCHER.**

No. 8068.

Circuit Court of Appeals, Fifth Circuit.

June 10, 1936.

J. Gregory Bruce, Atty., Department of Justice, of Washington, D. C., and Lester G. Fant, U. S. Atty., of Holly Springs, Miss., for the United States.

P. H. Lowrey, of Marks, Miss., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from a judgment on a verdict for plaintiff in a war risk insurance case, the United States assigns three errors; (1) The refusal to direct a verdict for it for want of evidence of total and permanent disability while the policy was in force; (2) the District Judge's comment that the soldier's declaration at discharge that he had no disability was so manifestly incorrect that the jury need not give themselves any particular concern about it; (3) his statement in the charge that "under the evidence in the case such disability as this plaintiff may have I think has been clearly shown to be total, and further shows that whatever injury he may have is a permanent injury and there is little or no hope that the man will ever be any better."

This is not a case calling for or admitting of extended discussion. The general principles governing not only the decision of cases of this kind, but the approach to their decision, have been fully and clearly set down in the numerous opinions to which controversies over war risk insurance contracts have given rise. These are fact cases, and after all is said and done, the question whether a case on its facts is one for a jury verdict is primarily remitted to the wise and sound judgment of the trial judge. Wise v. United States (C.C.A.) 63 F.(2d) 307.

Unless we can say that there was no substantial basis in the evidence for the view he took, we may not reverse the decision of the trial judge that the case was one for the jury. Examined in the light of this principle, the record leaves in no doubt that the District Judge was right in taking a verdict in this case. Indeed, except as to the totality of his disablement, a verdict might well have been instructed for plaintiff.

Shot down in the Argonne, with serious wounds in head and hip from which he has never recovered, plaintiff has since his discharge done no gainful work. Plaintiff and his witnesses say that he has done none because he has been unable to. Defendant's witnesses give it as their opinion that there are gainful forms of work into which plaintiff could have entered. Thus with no work record to confute "could not" with "did," the government's defense came down to a matter of plaintiff's character

for malingering; to whether, in short, his admitted nonworking was to be attributed to his inability or to his unwillingness.

The government insisted that since he had made only $10 to $15 a month before enlistment by working, and had been paid $40 to $65 a month since as compensation without working, the jury should find that his disablement was only partial, and not total, and his lack of work record was voluntary, not compelled. Plaintiff denied this. This made a typical jury case which the trial court submitted in an unexceptionable charge.

Appellant's second and third points are without substantiality. In view of the admitted loss of the veteran's left eye, and of other disablements existing when the veteran was discharged, the trial judge correctly characterized as manifestly incorrect the statement in the soldier's declaration at discharge, that he was under no disability. As to the comment in the charge of which complaint is now made, it will be noted that no exception was taken at the trial to the statement that the injury was total, but only that it was permanent, and that the permanency of plaintiff's injury is undisputed. If, however, we assume, since there is no dispute about the permanency of plaintiff's injury, that the exception was mistakenly taken, and it was intended instead to except to the court's comment on totality, appellant would be no better off, for a trial court may not be put in error in this way. It was defendant's duty to point the court to the error claimed and endeavor to secure its correction. Maryland Casualty Co. v. Reid (C.C.A.) 76 F.(2d) 30. It will be further noted that the expression complained of did not have reference to the time of the claimed inception of the disability, but to the time of the trial, and that as to this time there was really no contrary contention made.

The jury were fully and carefully instructed that it was for them to determine whether, on May 1, 1919, while the policy was in force, plaintiff was suffering from injuries which were then total and permanent. No exception was taken to this submission, no special charges asked. The matter complained of could not have misled the jury.

The judgment is affirmed.