30867, 30868.   BARNES *v.* THOMAS; and *vice versa.*

828

DECIDED SEPTEMBER 20, 1945.

*M. D. Dickerson, D. C. Sapp, Marshall Ewing,* for plaintiff.
*Wilson, Bennett, Pedrick & Bennett, Mingledorff & Roberts,* for defendant.

MacIntyre, J. ■ The petition alleges, in part, that the plaintiff "has been bedridden since July 1st, 1944; that she suffers at all times from numbness of all members of the left side of her body; that, on [her] trying to sit up, said numbness, after from ten to fifteen minutes in a sitting position, becomes paralytic in intensity; that as the result of said injuries sustained on July 1st, 1944 [she] has lost the use of her body and has totally and permanently lost her ability to work at any gainful occupation; that at the time of the filing of this suit [she] could walk from her bed to a chair in her home only by help and support from members of her family; that she suffers now and will continue to suffer intense pain and agony on account of the injuries sustained in said fall; that throughout the remainder of her life she will be permanently and totally unable to carry on her normal life and activities as a result of said injuries; that, on account of such continuing condition, she will be subjected to a life of embarrassment, pain, and suffering; that, . . during the remainder of her life [she] will be subjected to embarrassment because of the inability to use her body and its members in a natural and normal manner, and suffers and will continue to suffer mental pain and anguish as a result of such disability; that [her] earnings, prior to July 1, 1944, were twenty-two ($22.00) dollars per week, she being engaged as a saleslady at Kraft's Store in Douglas, Georgia; that her earning power, since July 1, 1944, has been, now is, and will continue to be nothing, on account of the injuries herein complained of, which are permanent, and, so far ability to work is concerned, are totally incapacitating and disabling, and she has become, on account of said injuries, a charge on her children." The petition also alleges, in paragraph 13 (b), that "he [Naef Thomas] knew, or by the exercise of ordinary care would have known, that, regardless of every care exercised by the occupant and tenant of said store, minute slippery substances would find their way onto said glazed tile entrance and increase its hazard to life and limb of the invitees of said store." The defendant specially demurred to and moved to strike this paragraph, on the ground that "the allegation therein is wholly irrelevant and immaterial, and fails to allege any act of negligence on the part of defendant, because nowhere in said petition is it alleged that there were minute slippery substances on said tile entrance, and nowhere is it

alleged that plaintiff's injury resulted from the increased hazard of minute slippery substances on said tile entrance." The court did not err in striking paragraph 13 (b).

■ The defendant specially demurred to and moved to strike so much of the petition, above quoted, as alleges that "and she has become, on account of said injuries, a charge upon her children," as well as the part which alleges that "she is dependent on her own earnings for support and maintenance," on the ground that "said allegations are wholly irrelevant and immaterial to any issue raised by plaintiff's petition and add nothing to her cause of action." These allegations were superfluous and not material, and the court did not commit reversible error in sustaining this ground of the demurrer. The plaintiff raised this same question by seeking to ask the plaintiff the following questions: (1) "Are you dependent on your earnings for support?" and "Do you work for your living?" The court ruled out these questions and the affirmative answers thereto. In view of these unstricken allegations of the petition and the proof and support thereof, and, particularly, the part of her testimony that she had worked at Kraft's Store for seven years and had made $22 per week; that she was a widow; that her condition was such that she could not wait on herself at times and could not work, the question of whether she was or was not dependent on her earnings, or what she did with her earnings, should have had no legitimate influence on the decision of the case, and would have tended only to incite the sympathy of the jury to the prejudice of the defendant. The exclusion of this evidence was not reversible error. See, in this connection, *Central of Georgia Ry. Co.* v. *Prior,* 142 *Ga.* 536 (2) (83 S. E. 117); *Macon, Dublin & Savannah R. Co.* v. *Musgrove,* 145 *Ga.* 648 (89 S. E. 767).

■ (Special ground 1.) When the owner leases his land and fully parts with possession, and the tenant erects a structure thereon, the owner is transformed into what the law denominates a landlord, a particular kind of owner whose rights, as they relate to such leased premises, are restricted, and whose liabilities are correspondingly limited. In reference to a charge to the jury, it has been said: "It is the duty of the judge to declare to the jury what the law is with its exceptions and qualifications." *Cammons* v. *State,* 59 *Ga. App.* 759, 762 (2 S. E. 2d, 204). In

this case, under the pleading and the evidence—if the judge had charged the Code, § 105-401, as follows: "Where the owner' or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe," and had qualified it by immediately charging thereafter section 61-112, that "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair"—we do not think it would have been reversible error as against the plaintiff, for the former section refers in general terms to the liability of the owner in damages for injuries to invitees. The latter section, by its qualifications, applies to the particular class of owners of property known as landlords, whose rights are restricted and whose liabilities are correspondingly limited. The judge here charged the Code, § 61-112, and then immediately charged section 105-401. He thus charged what might be termed the qualifying section first, and then immediately charged the section which it was intended to qualify. He thus went from the particular to the general rather than from the general to the particular. This assembling in the charge of the language of the two Code sections if error, was not harmful to the plaintiff because, if the jury did not construe the preceding section as qualifying the succeeding section, as they presumably would, then, by the generality of the terms used in the latter section, they would have enlarged the rule of the right of recovery by the plaintiff and would not have confined the recovery to the restricted liability of the owner of the land, who had fully parted with his possession and right of possession. If thus charging was error, it was error in favor of the excepting party, the plaintiff, and hence was not harmful as to her, and does not require a new trial. Moreover, the defendant contended, and the evidence authorized a finding, that he, the owner of the land, had fully parted with both his possession and right of possession. This made Code, § 61-112, applicable, and it was not error for the judge to charge it. The plaintiff contended that the

owner of the land had not fully parted with his possession and right of possession; hence that it was not error to charge § 105-401, which was applicable, if the plaintiff's contentions were true. Nor was it reversible error, under the facts of the case, to charge § 61-112, and immediately follow that section with a charge on, § 105-401.

■ (Special ground 2.) In elaborating or explaining "defective construction," as used in the Code, § 61-112, the judge instructed the jury as follows: "I charge you, gentlemen of the jury: [The liability of a landlord for injuries occasioned by defective construction exists only in cases where the structure is built by him in person or under his supervision]; the landlord will not be liable for injuries to the tenant on account of defective construction of the rented premises which the landlord has not constructed or *caused to be constructed.*" (Brackets and italics ours.) The part of the above excerpt in brackets is taken verbatim from the case of *Ross* v. *Jackson,* 123 *Ga.* 657, 659 (51 S. E. 578), and we think that the italicised words in this excerpt, "or caused to be constructed," were referring to a former part of the charge where the judge had charged that the plaintiff, in her petition, contended that the tenant "obtained the permission and consent of the landlord to remodel and reconstruct the front entrance, and the tenant did so at his own cost. Said reconstructed front entrance on completion became a part of said building, and the manner in which it was remodeled and reconstructed was consented to, acquiesced in, and accepted by the said landlord." The word "cause" is defined as meaning "to bring about, to make, to bring in existence." 6 Words & Phrases (Perm. ed.) 334. We do not think that the italicised words, "caused to be constructed," are misleading in view of the other instructions, and the excerpt was not reversible error on the ground that the charge was not adapted to the pleading and the facts in the case as to the landlord having consented to, acquiesced in, and accepted the construction, which was alleged to be defective. In explaining when damages would be recoverable from "a failure to keep the premises in repair" under the provision of said Code section, the judge instructed the jury in the following manner: "I charge you further, gentlemen of the jury, that the members of a tenant's family, his guests, servants, employees, or others present by his

■

express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair. But, in the absence of an express agreement to do so, a landlord is under no duty to repair a patent defect in the rented premises where its existence was known to the tenant at the time the rent contract was entered into; and subsequent notice by a tenant of the existence of such a defect would not place upon the landlord any duty of inspection or repair. The landlord's duty, under the circumstances above set out, would be no greater to an invitee than to his tenant." This excerpt was excepted to on the ground that it was not applicable to the pleading or the evidence, and was harmful to the plaintiff. This charge was in the language of *Chamberlain* v. *Nash,* 54 *Ga. App.* 508 (2) (188 S. E. 276), and was a correct principle of law. Even if it should not have been given, it was not harmful to the plaintiff. The judge had previously correctly charged that the plaintiff sought to recover on account of the "defective construction" of the entrance. There was nothing in the pleading or the evidence which tended to show that the entrance was or had been in any way "in disrepair," and, in the concluding part of his charge, the judge instructed the jury that, if the plaintiff had shown that she was injured, as alleged, they should find for the plaintiff. The Code, § 61-112, was charged in its entirety, and the part relative to "defective construction" was applicable, but the part relative to when the plaintiff could recover damages arising from the failure to repair was correct in principle, and even if, under the pleadings and the evidence, it should not have been given, we do not think that it would warrant a reversal, because we do not think that it can be reasonably presumed that the charge misled the jury to the *prejudice of the plaintiff,* for, if it was immaterial to the issues raised, yet, it seems to us, the error, if prejudicial, could be prejudicial only to the *defendant.* Thus the only prejudicial effect it could have had if any, would have been to have misled the jury into presuming that, because the judge charged on the question of the failure to repair, there was evidence to this effect, when, in fact, there was no evidence that the entrance was in a state of disrepair, and, by so charging, the judge might have given the plaintiff the benefit of evidence that was not introduced, and extended her

right to recover not only to defective construction but also to defective repairs. The evidence in the case went only to the question of *"defective construction"* and a *duty to remedy* or *place the building in a safe condition,* and· *not to repairing a building in disrepair.* Since this excerpt is not prejudicial to the plaintiff (the party excepting), it does not require a reversal. *Heard* v. *Tappan,* 121 *Ga.* 437 (2) (49 S. E. 292); *Roberson* v. *State,* 57 *Ga. App.* 495 (195 S. E. 881). See also *Ross* v. *Jackson,* supra; *Fuller* v. *Louis Steyerman & Sons Inc.,* 46 *Ga. App.* 830, 835 (169 S. E. 508); *Dobbs* v. *Noble,* 55 *Ga. App.* 201 (189 S. E. 694); *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (38 S. E. 204); *Goettee* v. *Carlyle,* 68 *Ga. App.* 288 (22 S. E. 2d, 854).

■ Special grounds 4 and 5 complain that witnesses, after testifying that they had worked in the store in question for about a year and were familiar with the entrance in question, were not permitted to testify that the entrance to the building was dangerous. The petition alleged "defective construction," in that the entrance was constructed of glazed tile which was sloping, slippery, and hazardous, and likely to cause injury. The witnesses were permitted to testify to all the facts they knew . concerning the entrance, but were not permitted to express their opinion that the entrance was dangerous. "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, .giving his reasons therefor; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible." Code, § 38-1708. "Opinions, even expert opinions, are allowed by way of exception to the general rule that a witness is to give facts observed but not his conclusions from them, and they are to be allowed only when there is real helpfulness or necessity to resort to them." *Metropolitan Life Insurance Co.* v. *Saul,* 189 *Ga.* 1, 9 (supra). "As a general rule, a witness must testify to facts, and not conclusions or opinions. It is the duty of the jury, and not the witness, to draw inferences from the evidence, and form opinions from the facts presented. The cases in which the opinions of witnesses are allowed constitute exceptions to this rule, founded on the ground of necessity, because the facts can not be presented or depicted to the jury precisely as they appeared to the witness,

and it is impracticable, from the nature of the subject, for him to relate the facts without supplementing their description with his conclusions." State *v.* Barrett, 33 Ore. 194 (54 Pac. 807). See also *Grier* v. *State, 72 Ga. App.* 633 (34 S. E. 2d, 643). "But, without reference to any recognized rule or principle . [as exceptions to the general rule founded upon the ground of necessity], all concede the admissibility of the opinions of non-professional men upon a great variety of unscientific questions arising every day, and in every judicial inquiry. These are questions of identity, handwriting, quantity, value, weight, measure, time, distance, velocity, form size, age, strength, heat, cold, sickness, and health; questions, also, concerning various mental and moral aspects of humanity, such as disposition and temper, anger, fear, excitement, intoxication, veracity, general character, and particular phases of character, and other conditions and things, both moral and physical, too numerous to mention." State *v.* Trueman, 34 Mont. 249 (85 Pac. 1024). There are many other instances in which it is impossible to detail the facts without the use of language which necessarily implies the opinion or the conclusion of the witness. "The opinion of a witness is not admissible in evidence when all the facts and circumstances are capable of being clearly detailed and described, so that the jurors may be able readily to form conclusions therefrom." *Mayor & Council of Macon* v. *Humphries,* 122 *Ga.* 800 (2) (50 S. E. 986); *Sumner* v. *Sumner,* 118 *Ga.* 590 (45 S. E. 509); *Holland* v. *McRae Oil & Fertilizer Co.,* 134 *Ga.* 678 (4) (68 S. E. 555); *Gilmer* v. *Atlanta,* 77 *Ga.* 688 (2).

In *Mayor of Milledgeville* v. *Wood,* 114 *Ga.* 370, 372 (2) (40 S. E. 239), where the defendant's counsel had propounded to the witness for the plaintiff the following questions—"Was not that street broad enough and wide enough at that point and on out for reasonable purposes?" "I will ask your opinion as to whether or not the place was dangerous?"—the court held that there was no error in excluding either of these questions.

The issue here was not one of opinion merely, but the matter of fact to be tried was one of a tort (negligence). The primary question and ultimate fact to be determined by the jury was whether the entrance was defectively constructed, and if the witnesses had been allowed to testify that its construction was de-

fective, in that it was so slippery and sloping that it was dangerous for these reasons *only,* they would have been testifying from the preliminary facts, detailed by them, to their conclusion that the defendant was guilty of the act of negligence relied on for a recovery.

From the nature of the subject under investigation, i. e., as to whether the entrance to a store building was dangerous, the facts could have been presented or depicted to the jury precisely as they appeared to the witnesses and it was practical for the witnesses, from the nature of the subject, to have related the facts without supplementing their description with their conclusion. Where, as here, it is possible for the jury to take the same elements and constituent factors which guide a witness to his conclusion and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then undoubtedly it should be done. *Taylor* v. *State,* 135 *Ga.* 622 (6) (70 S. E. 237). The court did not err in excluding the question here referred to.

■ (Special ground 6.) The witness, Mrs. Perry, was allowed to testify to all the facts and circumstances she knew concerning the entrance to the store in question; and, from the very nature of the patent defects, if any, to which she testified, the jury could have taken the same elements and constituent factors which guided the witness to her conclusion, and from them alone could have made an equally intelligent judgment of their own independently of the opinion of others. If this were possible, then undoubtedly it should have been done. This ground is not meritorious.

■ The rule in *Lankford* v. *Holton,* 187 *Ga.* 94 (9) (200 S. E. 243), relative to when direct and positive testimony can not be arbitrarily rejected by the jury, is not, as contended by the plaintiff, applicable to the facts of this case. The evidence authorized the jury to find that the defendant was the landlord, that he had parted with his possession and right of possession, and that he was not liable to the plaintiff for defective construction, if any, of the new tiled entrance to the store building of the landlord, constructed by the tenant. See, in this connection, Mullen *v.* Sensenbrenner Mercantile Co. (Mo.), 260 S. W. 982, 33 A. L. R. 176. The judgment for the defendant being affirmed, it is not necessary to pass upon the questions raised by his cross-bill.

838

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Gardner, J., concur.*