James Hugh BALL, Jr., Appellant,

v.

SEARS, ROEBUCK AND COMPANY,
Appellee.

No. 15458.

United States Court of Appeals
Fifth Circuit.

June 24, 1955.

Walter M. Campbell, W. R. Vance, Birmingham, Ala., for appellant.

James E. Clark, George W. Yancey, Birmingham, Ala., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

We are here presented with a case in which the plaintiff in a personal injury suit made out a case of negligence as a matter of law and thus became entitled to at least nominal damages, but against whom the jury found its verdict. There was a real issue as to the extent of any injury suffered by the appellant but there can be no dispute about his being entitled to a finding in his favor as to a negligent injury. The usual motion for new trial having been made on the ground, among others, that "the verdict is contrary to the evidence which is without conflict that the defendant is guilty of negligence" the trial court erred in not granting the motion and ordering a new trial.

The facts essential to an understanding of our ruling are simple and they are not greatly in dispute.

Plaintiff and defendant's employe, Lais, a truck driver, were both stopped by a red traffic light from proceeding at the intersection of 16th Street and 1st Avenue, North, in Birmingham, Alabama. When the light turned green plaintiff

walked south across the intersection and Lais proceeded to the center of the street and then made a left turn to the east; when half way in the turn he said the sun in the east blinded him; that he then "started to apply his brakes at that time lightly;" that he was going between five and ten miles an hour; he continued east and to the crosswalk until he saw Ball approximately three feet from the right hand fender of his truck; that he ran against Ball who put up his left hand and was pushed or knocked several feet back—from three to five feet according to Lais' testimony, from 20 to 25 feet according to a police eye witness.[1]

■ The trial court correctly, we think, charged:

"Under such circumstances, that is to say when the vision of a driver of a motor vehicle is so obstructed or so obscured by sunlight, direct sunlight striking his eyes, to the extent that he could not see things on the road or the street ahead of him, it was the duty of the driver of the Defendant's truck to exercise all ordinary and reasonable care and diligence to avoid an injury to anyone who might rightfully be on the street in front of him, even to the extent, if need be, of stopping his truck, if he couldn't see ahead of him because of the bright sunlight in his eyes."

That this charge properly states the law of Alabama is conceded by appellee both in its original brief and in a supplemental brief wherein it is said: "It is noted, in passing, that the appellant nowhere in his brief criticizes the oral charge of the trial judge concerning the substantive law applicable to the case, nor does the appellee." It is, thus not necessary to cite Alabama authorities to support the above quoted statement of the principles involved.

■ Without any doubt, and, therefore, as a matter of law, defendant's driver failed to exercise that degree of care which, under the circumstances in this case, the trial court said it was his duty to exercise. He testified (and he was the only person competent to testify as to when and how long he was blinded) that when he was half turned at the center of the intersection *"from there* on [he] couldn't see what was in front of [him]." And further he testified: "So being blinded [he] proceeded from this point here *over to the crosswalk* on the east side and that is where [he] first saw Mr. Ball."[2] When it is considered further that Lais testified that when he first became blinded he "started to apply the brakes at that time lightly," and the uncontradicted proof is that he then went on, to all intents and purposes, blind, until too late to stop, it seems clear that there is no finding the jury could possibly make on the element of negligence other than that the defendant was guilty.

Nothing here said conflicts with Pennsylvania Threshermen and Farmers' Mutual Casualty Inc. Co. v. Crapet, 5th Cir., 199 F.2d 850, since we are not here passing on the weight or sufficiency of the evidence. Nor is there any conflict with our case of United States v. Fancher, 5th Cir., 84 F.2d 306, where we said: "Unless we can say that there was no substantial basis in the evidence for the view he took, we may not reverse the decision of the trial judge that the case was one for the jury." We simply say, indeed we are forced to say, under the law as given to the jury that there was

1. Evidence shows each of the streets at the intersection to be approximately 60 to 65 feet wide and that Lais made his turn around the center of the intersection; it would thus be at least 30 feet to the crosswalk and 25 feet to where he first saw Ball. He answered the following questions on cross examination:

"Q. When you got to this point is where the sun blinded you and this car went by and from there on you couldn't see what was in front of you. Is that correct? A. Yes sir.

"Q. So being blinded you proceeded from this point here over to the crosswalk on the east side and that is where you first saw Mr. Ball, about that position. Is that correct? A. Yes sir, about that."

2. Emphasis in both quotations is supplied by the court.

no substantial basis in the evidence, taken as strongly as possible in favor of the appellee, for the denial by the trial court of the motion for new trial on the ground stated.

We need not pass on other assigned errors, inasmuch as such as occurred arose by reason of the confused state of the pleadings, and they will be apparent to the trial court and will not recur on a new trial.

The judgment is reversed and remanded for a new trial.