John CHESSER, as next friend of Debra Chesser, a minor, Appellant,

v.

Joseph E. CASEY, Appellee.

No. 18456.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1960.

Vincent P. McCauley, Columbus, Ga., for appellant.

Howell Hollis, Columbus, Ga., for appellee.

Before RIVES, Chief Judge, and TUTTLE, and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment based on a jury verdict for the defendant in a pedestrian automobile injury case. The injury was suffered by a six-year-old child.

The appellant strongly urges that the denial of the motion for new trial by the trial court was error because the evidence taken most strongly in favor of the defendant demanded a finding of defendant's negligence as proximate cause of the injury. Appellant also urges other grounds of error requiring a reversal of the judgment.

The case made out most favorably to the defendant is that on an open road in daylight, near Columbus, Georgia, where there were houses known by defendant to be occupied by children, and not far from a trailer court where he had previously seen children playing, while traveling home at 30 to 32 miles an hour on the right hand side of the road, he looked away from the road "for a second or two" to flick a cigarette ash into the ashtray, and when he looked back the six-year-old child was up on the hood of the car "just like she came out of a hole in the ground"; the child was thrown some twelve feet and left lying just to the right of the center of the road; beginning some 39 feet from the point of impact skid marks were laid down entirely on the left side of the road for the distance of 43 feet, the marks angled to the left about 1 foot in 43 feet. The injuries to the child were serious but not fatal.

When it is realized that in a second a car traveling at 30 miles an hour would

go 44 feet, and in "a second or two" it might travel 88 feet, such a state of facts comes very close to constituting negligence as a matter of law. See Ball v. Sears, Roebuck & Co., 5 Cir., 223 F.2d 695. However, the reluctance of an appellate court to find that a trial court abused its discretion in denying a motion for new trial causes us to avoid a decision on that contention. This we may do because we conclude that there must be a reversal and grant of a new trial on another ground.

■ The trial court erred in permitting a state traffic officer, over proper objection, to testify that he "assumed or * * * concluded from what [he] found that he [defendant] had been in the normal right hand lane and at the time, in an effort to avoid the accident, had cut to the left."

At the time about which the officer was testifying all he had "found" was that there were skid marks for 43 feet, all laid down on the left hand side of the center line; that these started some 39 feet from the point of impact and that they angled to the left about one foot over the entire distance. Having testified to these facts, the following then took place:

"Q. Now what did you figure from the observation of the skid marks and the other circumstances?

"A. Well, evidently he turned his wheel, pulled his wheel to the left. That's all I can gather.

"Q. In other words, from the skid marks and from the other circumstances you would have assumed that he was in the normal right hand lane and cut to the left at the time of the accident?

"Mr. McCauley: No, sir. We'll object to that question. That's a pure assumption. I mean there's no evidence from any testimony that he's given that the man was in the right hand lane and pulled to the left.

"The Court: I overrule your objection. We haven't finished taking evidence, you see. He's being asked now.

"Q. Is that what you meant, Sergeant, that you assumed or you concluded from what you found that he had been in the normal right hand lane and at the time, in an effort to avoid the accident, had cut to the left?

"A. That's my opinion. Now I mean, I'm not an expert, but that's my opinion."

There is not here the question of qualification of an expert. It is a case of a person giving an opinion on physical facts which cannot be supported as logical deductions from the assumptions he made.

This is simply a speculation by the witness about additional fact as to what probably happened. The so-called opinion does not relate to "a particular art or science" or to questions which "come under the observation and experience of persons engaged in a particular profession, trade or occupation who, from their superior facilities and experience, are better qualified than ordinary jurors to form correct conclusions thereon." Mayor, etc., of City of Milledgeville v. Wood, 114 Ga. 370, 372, 40 S.E. 239, 240. No witness could say by the application of logic, from what the witness "found" here, *where* the automobile had been before the skid marks showed it to be on the left side of the road. All he should have been permitted to testify to was what physical facts he observed and any logical deductions that could be drawn from such facts. Certainly the witness could not express the opinion that, *in an effort to avoid this accident*, the defendant had cut to the left.

The proper use of opinion evidence is, of course, a poor field for generalities. Many Georgia decisions broadly state, for instance, that, "a witness will not be permitted to decide the very question which the jury are to pass upon, but must state the relevant facts, and let the jury draw their own conclusions therefrom." Georgia Railway & Power Co. v. Head, 155 Ga. 337, 116 S.E. 620. This prin-

ciple is, of course, not strictly adhered to, because as pointed out in Barnes v. Thomas, 72 Ga.App. 827, 35 S.E.2d 364, 369, there are exceptions where the facts "cannot be * * * depicted to the jury precisely as they appeared to the witness," or as pointed out in Metropolitan Life Ins. Co. v. Saul, 189 Ga. 1, 5 S.E.2d 214, where medical opinion is needed to draw deductions from proven facts.

The trouble with the testimony in this case is that the witness did not really make any permissible deduction from the admitted facts. He testified that he believed certain facts to exist, i. e., that the automobile had been on its normal right hand side and that in an effort to avoid the accident the defendant had cut to the left. There was simply nothing in the major premises—the existence of the skid marks on the left side of the road, even though they veered slightly to the left—that would permit the conclusion that at a point forty feet ahead of them the automobile had been on the other side of the road or that the vehicle had been turned with any specific intent or purpose to avoid hitting the child. The latter conclusion is also of course, contradicted by the defendant's own testimony in which he said he did not see the child before he struck her.

The admission of this testimony over timely objection was prejudicial error.

■ The appellant here also contends that the court erred in charging unavoidable accident. While we do not hold that in no Georgia case can it be proper to charge unavoidable accident, (see Everett v. Clegg, 213 Ga. 168, 97 S.E.2d 689) it is clear that it is improper to charge it unless the evidence warrants a finding of such accident. Here the proof was not such as made such a charge an appropriate one. The only question for the jury here was whether it was negligence when defendant admitted looking away from the road at a time when his own estimate of speed and ability to stop would have enabled him to stop, slow down, or signal to the child when she was first seen, and, if so, whether such negligence was the proximate cause of the injury. We need not decide whether the submission of this charge would, if standing alone, be prejudicial error when viewed in light of the rest of the court's charge, since the judgment must be reversed for the ground first discussed.

The judgment is Reversed and the case Remanded for further proceedings not inconsistent with this opinion.

RIVES, Chief Judge.
I concur in the result.