Suzanne ANDRES, Plaintiff-Appellant,

v.

ROSWELL-WINDSOR VILLAGE APARTMENTS and Field-Johnston Enterprises, Inc., Defendants-Appellees.

No. 85–8293

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 6, 1985.

---

George M. Geeslin, Atlanta, Ga., for plaintiff-appellant.

Stephen L. Cotter, Atlanta, Ga., for defendants-appellees.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

This personal injury case, in which federal jurisdiction is based upon diversity of citizenship, appears before us on five claims of error in the district court's instructions to the jury and one claim of error in a ruling upon an evidentiary issue. We find no reversible error in any of these claims and, accordingly, affirm the judgment of the district court.

I.

Appellant filed this action after she sustained personal injuries as the result of a fall from the patio deck behind her second-floor apartment, which is part of a complex owned and operated by appellees. Appellant went to the edge of the deck, placed one hand on the brick wall of the building and the other on the metal railing surrounding the patio, and looked over the railing. At this point, the railing gave way, and appellant fell and was injured.

At trial, appellant contended that the railing was improperly and inadequately attached to the wooden patio deck and brick wall of the apartment building and that appellees negligently failed to properly inspect and maintain the deck and railing. This claimed duty of appellees to inspect and maintain the deck area was based upon appellant's argument that the deck area was a common area or area of qualified possession. Appellees, on the other hand, argued that the deck area was in the exclusive possession of the appellant and that they thus owed no duty to repair until they were given notice of the defect.

The applicable Georgia law on this issue has been summarized as follows:

> While the duties of the owner of an apartment house who reserves a qualified right of possession of the halls, steps, porches, or other parts of the building of which common use is made by the tenants are as set out in [O.C.G.A. § 51-3-1], and render him liable for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe (see *Rothberg v. Bradley*, 85 Ga.App. 477(1), 69 S.E.2d 293 [(1952)]), as to an owner and landlord who fully parts with possession of the premises, the liability is as provided in [O.C.G.A. § 44-7-14] and relates only to injuries occasioned by defective construction or failure to keep the premises in repair where there is a duty to repair and notice has been given of the defect (*Chamberlain v. Nash*, 54 Ga.App. 508, 188 S.E. 276 [(1936)]).

*Maloof v. Blackmon*, 105 Ga.App. 207, 207-208, 124 S.E.2d 441, 442-443 (1962).

II.

The question of whether a particular area is a common area over which a landlord retains a qualified right of possession or an area which is in the exclusive possession of a tenant is a matter for determination by the trier of fact. In this case, sufficient evidence was presented to support a finding either that the deck was a common area or that it was in the exclusive possession of the appellant, and the district court instructed the jury on the duties of landlords as to both common areas and areas in a tenant's exclusive possession.

Appellant's first claim of error is that the district court should not have charged the jury as to the law concerning areas in the exclusive possession of a tenant. However, the primary question for the jury in this case was precisely whether the evidence presented at trial showed the deck to be a common area or an area in appellant's sole possession. If the factual determination was made that it was a common area, then the duty of the landlord was to inspect and maintain it as required by O.C.G.A. § 51-3-1; but if, on the other hand, the trier of fact determined that the deck area was in the exclusive possession of the appellant, then appellees had no duty to inspect and were required to make repairs only if notified of defects by the appellant in accordance with O.C.G.A. § 44-7-14 and the terms of the appellant's lease. Thus, since the jury had to decide

first whether or not there was "exclusive possession" in order to determine the appropriate duty owed by the landlord and could only then move on to an assessment of whether or not that duty had been breached, the court had to instruct the jury as to the law in cases of both common areas and areas in a tenant's exclusive possession. *See Barnes v. Thomas*, 72 Ga. App. 827, 35 S.E.2d 364, 367–368 (1945). This first claim of error is, therefore, without merit.

■ Appellant also contends that the charge to the jury did not adequately convey the substance of O.C.G.A. § 51–3–1 which provides that:

Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

In its charge to the jury, the district court stated that, if a landlord has retained a qualified right of possession as to an area,

the landlord is liable for an injury resulting from a defective condition even without actual knowledge of the facts if in the exercise of ordinary and reasonable care and diligence the landlord ought to have known of it.

As to any portion of rented premises over which a landlord retains a qualified possession, a landlord is liable for such defects as a reasonable inspection would have disclosed.

Record, Vol. 5 at 196.

■ This portion of the charge does not recite word-for-word the applicable statute, but there is no requirement that it do so. So long as his jury instructions reflect the pertinent substantive law, the trial judge is given wide discretion as to the style and wording that he may employ. *Bass v. International Brotherhood of Boilermakers*, 630 F.2d 1058, 1061 (5th Cir.1980). Our job on review is to assure "that the instructions show no tendency to confuse or to mislead the jury with respect

to the applicable principles of law." *Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 580 (5th Cir. Unit B 1981). *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2558 at 668 (1971). The portion of the charge quoted above adequately reflects the provisions of O.C.G.A. § 51–3–1 and is not misleading; therefore, this second claim of error is also without merit.

■ As her third claim of error, appellant objects to the district court's charge as to the appellees' duty of inspection. The objection of appellant in this regard, however, is not that the court gave no charge on the duty of inspection, but, in essence, that the court did not give the charge requested by appellant, which appellant contends is a more accurate and complete instruction. This claim of error must fail because, within the parameters discussed above, "the form and extent of jury instructions are within the discretion of the court." *Price v. Glosson Motor Lines, Inc.*, 509 F.2d 1033, 1036 (4th Cir.1975). *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2556 at 655 (1971); *United States v. Bayer*, 331 U.S. 532, 537, 67 S.Ct. 1394, 1396, 91 L.Ed. 1654 (1947) ("While many judges would have made a more extended charge, we think the trial court was within its area of discretion in its brevity.").

■ Appellant's fourth point of appeal concerns the district court's charge to the jury on legal accident. Appellant contends both that no charge as to legal accident should have been given because evidence sufficient to support such a finding was not presented at trial and that the form of the charge as to legal accident was improper. Appellant fails on the first of these contentions because sufficient evidence to support a finding of accident was presented. Georgia law on accident is that "[t]he defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable." Chadwick v. Miller*, 169 Ga.App. 338, 344, 312 S.E.2d

835, 840 (1983) (emphasis in original). The evidence presented to the jury here could conceivably support a finding that neither appellant nor appellees were negligent. Appellant fails on the second of these contentions because appellant did not object to the form of the charge of legal accident before the trial court, only to the giving of a charge on legal accident in any form. *See* Record, Vol. 5 at 207. We decline to reverse on alleged error not presented to the trial court. *Dugas v. Kansas City Southern Railway Lines*, 473 F.2d 821, 826 (5th Cir.1973), *cert. denied*, 414 U.S. 823, 94 S.Ct. 124, 38 L.Ed.2d 56 (1974).

As her fifth claim of error, appellant argues that the district court should have instructed the jury on the doctrine of *res ipsa loquitur*. That doctrine, however, is not applicable unless it is shown that the injury was caused by an agency or instrumentality within the exclusive control of the defendant. *Advanced Refrigeration v. United Motors Service*, 71 Ga.App. 576, 31 S.E.2d 605, 607 (1944). Since the major point of contention in this case was whether the deck and railing were within the exclusive possession of the appellant or were subject to a qualified right of possession vested in the appellees, the deck and railing were clearly not within the exclusive control of the appellees, and, thus, it is equally clear that *res ipsa loquitur* could not apply.

Appellant's final claim of error refers not to the jury instructions but to the district court's refusal to allow appellant to introduce evidence of subsequent remedial measures. An attempt to introduce such evidence calls into play Fed.R.Evid. 407, which provides that evidence of subsequent remedial measures is not admissible to prove "negligence or culpable conduct" but that it may be admissible when offered for certain permissible uses. The advisory committee's note to Rule 407 states that these permissible uses include proof of "ownership or control, existence of duty, and feasibility of precautionary measures, if controverted, and impeachment." None of these permissible uses are applicable here. The issue of control of the deck area is central to this case insofar as whether it was within appellant's exclusive possession or not determines the applicable standard of care. However, the evidence of subsequent remedial measures proffered by appellant is irrelevant to determination of that issue because appellees were obliged to carry out such remedial measures once they received notice of defects in the deck railing, whether or not the deck is a common area, and appellees received such notice when they were informed of the circumstances of appellant's fall. The same reasoning also shows that the evidence of subsequent remedial measures is irrelevant to the issue of existence of duty. The feasibility of precautionary measures was not contested here, thus ruling out that permissible use. We find no testimony or other evidence at trial with regard to these subsequent repairs which could provide the basis of impeachment.

Appellant's contentions of error are unavailing, and the judgment of the district court is

AFFIRMED.