DECIDED MAY 15, 1929.

19262. MITCHELL, executrix, *v.* CLARK, next friend, etc.

BELL, J. 1. In the absence of an express agreement to do so, a landlord is under no duty to repair a patent defect in the rented premises where its existence was known to the tenant at the time the rent contract was entered into; and subsequent notice by a tenant of the existence of such a defect would not place upon the landlord any duty of inspection or repair. *Aikin* v. *Perry*, 119 *Ga.* 263 (3) (46 S. E. 93); *McGee* v. *Hardacre*, 27 *Ga. App.* 106 (1, 3) (107 S. E. 563).

2. A member of the tenant's family, occupying the premises in his right, can claim no greater duty or obligation on the part of the landlord as to making repairs than the tenant himself could have claimed under like circumstances, although, where the landlord has in fact been guilty of negligence in failing to make repairs and is sued for injury alleged to have been caused thereby, the possible defenses open to him may vary

according to the degree of care with which the plaintiff was accountable. *Crossgrove* v. *Atlantic Coast Line R. Co.*, 30 *Ga. App.* 462 (2) (118 S. E. 694); *Williams* v. *Jones*, 26 *Ga. App.* 558 (106 S. E. 616); 36 C. J. 204, 227.

3. Accordingly, where in a contract for the renting of two rooms in one portion of a dwelling-house it was agreed that the tenant should have the right to use a bathroom, toilet, and sink in another portion of the house, and to that end was granted the privilege of using a third room as a passageway between the two portions thus rented, but in the making of the contract the tenant was informed by the landlord that this room was in a bad state of repair and that the use of it would be attended with danger, and there was no agreement as to repairing it, the transaction was one wherein, as to the third room, the premises were accepted as they were, and the landlord was relieved of any duty of making repairs. Thus, in a suit by an infant child of the tenant, through another as next friend, for injuries caused to the child by the falling of a mantel in such room, the petition failed to show any breach of duty or negligence on the part of the landlord, and the plaintiff therefore was not entitled to recover, irrespective of whether the plaintiff child, on account of its tender years, should not have been charged with any failure to exercise care for its own safety. The petition failed to set forth a cause of action, and it was error not to sustain the general demurrer thereto.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 18, 1929.

716

*Craighead & Craighead, William C. Henson,* for plaintiff in error.

*Frank T. Grizzard, H. F. Sharp,* contra.