144

## 22946. WALLACE v. ADAMS.

Decided June 17, 1933.

*George G. Finch, C. L. Padgett,* for plaintiff.
*Alston, Alston, Foster & Moise,* for defendant.

Guerry, J. Luther Wallace, by his next friend, brought his action against Samuel Adams, alleging: he was a minor 16 years of age, living with his mother in an apartment rented from the defendant by his mother. He further alleged that his mother, at the time of the renting of said apartment, which was some weeks prior to the accident, gave notice to the agents of the defendant, from whom she rented the apartment, that the corner-post supporting the railing on the back porch had rotted and was insecurely fastened; that said post, to which said railings were fastened, was fastened at the top to the corner of the roof, and at the bottom was supported by the porch floor; that the same was apparently sound and appeared to be safe, but, unknown to the plaintiff, the bottom of said post had rotted where it was nailed or connected with the

floor, and was entirely disconnected at the bottom; that such defect was not apparent from inspection or observation, and could only be discovered when touched; that the plaintiff was away from home eleven hours a day, working, was at home very little except the time he was in bed, had only been on the porch a few times, and had never touched the post or railing; that on the occasion of the injury he leaned against the post and it fell, throwing him 15 feet to the ground and causing the injury complained of. The court sustained a general demurrer to the petition as amended, and exceptions to this judgment brought the case to this court for determination.

Section 3699 of the Civil Code of 1910 reads as follows: "The landlord must keep the premises in repair and is liable for all substantial improvements placed upon them by his consent." This section changed the rule which had been applied under the common law, for under the common law the burden of repairing was upon the tenant. *Stack* v. *Harris,* 111 *Ga.* 150 (36 S. E. 615); *Guthman* v. *Castleberry,* 48 *Ga.* 172; *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578); *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (38 S. E. 204); Civil Code, § 3694. A tenant, before he may recover in an action against the landlord for an injury resulting from defects in the premises, must allege and prove that he has given the landlord notice of the defective condition of the premises. If, after such notice, the landlord fails in a reasonable time to repair the premises and damage results therefrom, the landlord is liable, provided also the tenant or his invitees have not been guilty of such negligence as would bar a recovery by them. *Alexander* v. *Owen,* 18 *Ga. App.* 327 (89 S. E. 437); *Stack* v. *Harris,* supra; *Veal* v. *Hanlon,* 123 *Ga.* 642 (51 S. E. 579); *Miller* v. *Jones,* 31 *Ga. App.* 321 (120 S. E. 672). "Members of a tenant's family, his guests, servants, employees, and others present, at his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair." *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (118 S. E. 694); *Williams* v. *Jones,* 26 *Ga. App.* 558 (106 S. E. 616); *Mitchell* v. *Clark,* 39 *Ga. App.* 715 (148 S. E. 420). In the *Mitchell* case, supra, it was said: "A member of a tenant's family, occupying the premises in his right, can claim no greater duty or obligation on the part of

the landlord as to making repairs than the tenant himself could have claimed under like circumstances, although, where the landlord has in fact been guilty of negligence in failing to make repairs and is sued for injury alleged to have been caused thereby, the possible defenses open to him may vary according to the degree of care with which the plaintiff was accountable." Section 3475 of the Civil Code (1910) is as follows: "For the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent. In a suit by an infant, the fault of the parent, or of custodians selected by the parents, is not imputable to the child." The knowledge of the tenant of the defective condition of the premises is not imputable to the child of the tenant, and such child may recover for injury caused by the defective condition of the premises, if the child himself is in the exercise of ordinary care at the time of the injury. *Ferguson* v. *Columbus and Rome Ry.*, 77 *Ga.* 102. In the case of *Herrington* v. *Mayor &c. of Macon*, 125 *Ga.* 58 (5) (54 S. E. 71), it was said: "In an action by a child, suing by his next friend, for a personal injury alleged to have arisen from the negligence of a municipal corporation in leaving one of its sidewalks in a dangerous condition, any negligence on the part of his mother in failing to keep him from danger could not be imputed to the plaintiff himself."

It is often difficult for a court to determine whether or not, under the allegations of the petition, the plaintiff himself has such a sufficient knowledge of the alleged defective condition as would preclude recovery, or whether or not the danger is so obvious that it may be discovered by the use of ordinary care. Each case is necessarily to be determined on the facts as they are alleged in the petition. Under the allegations of the present petition, if the mother herself had been the plaintiff, she would not have been entitled to recover, for the allegations show that she had knowledge of the insecurity of the post, and for her to have leaned against the same would have been so negligent as to bar a recovery. Under the allegations of the petition as amended, the plaintiff in this case did not have the knowledge that his mother had,—did not know that the post to which the railings were attached was insecurely fastened at the bottom, and its condition such that the fact that

it was rotten at the bottom and entirely disconnected from the floor was not apparent from an ordinary inspection or observation of the same, it being alleged that such defect could only be discovered by the placing of some weight against the post. These allegations were sufficient to withstand a general demurrer, and did not disclose such circumstances as were sufficient to put a person in the exercise of ordinary .care upon notice that it was defective, and a resultant injury caused by such alleged defects, which were not apparent, did not show such negligence on the plaintiff's part as would preclude a recovery by him. See, in this connection, the cases of *Crook* v. *Foster,* 142 *Ga.* 715 (83 S. E. 670); *Wolbe* v. *Jossey,* 42 *Ga. App.* 612 (157 S. E. 233); *Miller* v. *Jones,* 31 *Ga. App.* 321 (120 S. E. 672); *Johnson* v. *Collins,* 98 *Ga.* 271 (26 S. E. 744). We think, therefore, the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. The plaintiff, while legally an "infant," was sixteen years old and had intelligence enough to hold a job as a delivery boy. His petition, properly construed (most strongly against him), clearly showed that the defect complained of was a patent one, and that, by the exercise of ordinary care, he could have avoided being injured. His allegation that the bottom of the post was rotten and *entirely disconnected* from the floor (where it should have been securely nailed) discloses that it was a patent defect; and his further allegation that such defect was not apparent from observation or inspection is obviously a mere conclusion of his that is not supported by the pleaded facts. The petition shows that the plaintiff, at about 12 o'clock in the daytime, leaned against the rotten post, which was entirely . disconnected from the floor; and it will be presumed (the petition not otherwise showing) that his eyesight was normal, and that his intelligence was equal to that of the average boy of sixteen years of age. I think that the petition was properly dismissed on demurrer.