25743. CHAMBERLAIN *v.* NASH.

DECIDED NOVEMBER 7, 1936.

*Varner & Cowart,* for plaintiff in error.

*Howard, Tiller & Howard, James S. Huff,* contra.

SUTTON, J.   The present action was brought in two counts, the allegations of the first count being substantially as follows: The defendant was the owner of a two-story building, in a portion of

which, on the second floor, a beauty parlor was operated by one of several tenants. In order to reach the second floor, and while proceeding to the beauty parlor on October 5, 1934, in the afternoon and during daylight, for the purpose of having her hair dressed, it was necessary for the plaintiff to climb a flight of stairs leading from the street entrance to a certain landing, and then turn at a right angle and climb a second flight of stairs which led to the entrance to the beauty parlor. From the top of said stairs it was necessary to take only one or two steps and then to turn abruptly to the right off of a corridor and into the door of the beauty parlor. Above the landing between the first and second flights of stairs was a light socket in which an electric-light bulb might be placed for the purpose of lighting the stairway and the entrance to the beauty parlor; and up until a short time before said date a light had been maintained at that location. About 6 p. m., after the plaintiff's hair had been dressed, she proceeded from the beauty parlor through an open doorway leading into the corridor, and into which the light from the beauty parlor penetrated, and a dim light at the top of the stairs was thereby created, which enabled her to see ahead of her. As she emerged from the door she turned to the left toward the stairs, and the door closed behind her just as she was in the act of taking another step toward the stairs. As a result of the closing of the door the corridor became completely darkened, and while in the act of taking a step forward she was unable to see that she was at the edge of the corridor where the stairway began. Because of the closing of the door and the darkening of the corridor she became confused, and before she could stop her forward movement toward the stairway she stepped abruptly over the edge of the corridor and onto the first step of the stairway, and received certain described injuries in consequence of being thrown to the landing below. As she emerged from the beauty parlor no light was burning over the landing or in any portion of the corridor near the stairway. She had previously visited the beauty parlor on ten or twelve occasions in the daytime, but never at night, and she had no knowledge of the absence of light in the corridor or over the landing for the illumination of the stairway, and had had no occasion to observe the construction of the stairway and its close proximity to the said doorway. Being at the time in the path of the light from the beauty parlor

into the corridor, she did not discover, until the door closed behind her, that the corridor was not lighted, she being then in the act of going forward. The defendant had not required the tenant to assume any obligation with reference to the lighting of the corridor or the landing above the stairway; and the tenant, on two or three occasions before the time of the injury to the plaintiff, had personally notified the defendant that there was no light over the stairway, and had notified the defendant's agent, who had discussed the matter with the defendant. The operator of the beauty parlor was a tenant of the defendant at the time of the alleged injury. It was alleged that the defendant was negligent in the particulars named, and that the plaintiff was in the exercise of ordinary care and could not, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence. The second count alleged substantially the same facts as did the first count, but charged the defendant with wilful and wanton negligence in deliberately refusing to place a light over the stairway after being notified of the absence of such light. General and special demurrers were overruled by the court, and the defendant excepted.

Applying the rulings stated in the headnotes, the court erred in not sustaining the general demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*