### 33624. WADDELL *v.* WOFFORD OIL COMPANY.

WORRILL, J. 1. "A landlord is not liable for injuries to his tenant arising from a patent defect in the premises, existing at the time of the lease, and of which the tenant knew or had means of knowing, equal to those of the landlord" (*McGee* v. *Hardacre,* 27 *Ga. App.* 106 (1), 107 S. E. 563; *Godard* v. *Peavy,* 32 *Ga .App.* 121 (1), 122 S. E. 634); and "In the absence of an express agreement to do so, a landlord is under no duty to repair a patent defect in the rented premises where its existence was known to the tenant at the time the rent contract was entered into." *Mitchell* v. *Clark,* 39 *Ga. App.* 714(1) (148 S. E. 420).

2. " 'Members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair.' " *Chamberlain* v. *Nash,* 54 *Ga. App.* 508(2) (188 S. E. 276).

3. The allegations of the petition in this case, construed most strongly against the plaintiff show that the alleged defective installation of the machinery which allegedly caused the plaintiff's injuries was a patent condition readily discernible to the plaintiff and his employer, the defendant's tenant, that in consequence thereof the plaintiff knew of the condition, and standing in the shoes of his employer, the tenant, assumed any risks incidental to the use of the premises which were rented in the condition described in the petition. Such being the case, the trial court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED SEPTEMBER 12, 1951.

*George T. Manley, Thomas B. Branch Jr.,* for plaintiff.
*T. J. Long,* for defendant.