36282.   SOUTHEASTERN FAIR ASSOCIATION *v.* TAYLOR.

DECIDED SEPTEMBER 28, 1956—REHEARING DENIED OCTOBER 23, 1956.

*Palmer H. Ansley, Smith, Field, Doremus & Ringel,* for plaintiff in error.

*Ernest Bostick, J. V. Poole,* contra.

FELTON, C. J. The defendant contends that the petition shows on its face that the plaintiff failed to exercise ordinary care for her own safety so as to be barred from recovery. The contention is without merit. The cases relied on by the defendant hold that a person who voluntarily enters a place of darkness and who is injured because of the darkened condition is negligent and is the author of his own misfortune. In the instant case, the plaintiff was not voluntarily *entering* the darkened grandstand but was seeking to leave the grandstand after the electrical and fireworks display. In the cases relied on by the defendant there was nothing to show that the plaintiffs were acting under any sort of compulsion or absolute necessity. In the instant case, the plaintiff had two alternatives, either doing exactly as she did or remaining in the grandstand in the rain until it somehow became light enough for her to see. The latter course of action might have necessitated her spending the night in the grandstand. Under the circumstances alleged whether the plaintiff was negligent and if so, whether such negligence constituted the proximate cause of her injuries are questions which cannot

498

be determined as a matter of law but which must be resolved by a jury. If the plaintiff acted indiscreetly, the effect of such conduct under the conditions then existing can better be determined by a jury than by the court. *Southern Railway Co.* v. *Crabb*, 10 *Ga. App.* 559 (1) (73 S. E. 859).

Since the petition did not show that the plaintiff was guilty of such negligence as would bar her recovery, the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*