37021. GOLF CLUB COMPANY *v.* ROTHSTEIN,
by Next Friend.

DECIDED JANUARY 23, 1958—REHEARING DENIED FEBRUARY 5, 1958.

*James H. Moore, John D. Jones, Greene & Neely,* for plaintiff in error.

*G. Seals Aiken, Charles W. Bergman,* contra.

TOWNSEND, Judge. 1. In *Waddell* v. *Wofford Oil Co.,* 84 *Ga. App.* 617 (66 S. E. 2d 806) it is held as follows: " 'A landlord is not liable for injuries to his tenant arising from a patent defect in the premises, existing at the time of the lease, and of which the tenant knew or had means of knowing, equal to those of the landlord' (*McGee* v. *Hardacre,* 27 *Ga. App.* 106 (1) 107 S. E. 563; *Godard* v. *Peavy,* 32 *Ga. App.* 121 (1), 122 S. E. 634) ; and 'In the absence of an express agreement to do so, a landlord is under no duty to repair a patent defect in the rented premises where its existence was known to the tenant at the time the rent contract was entered into.' *Mitchell* v. *Clark,* 39 *Ga. App.* 714 (1) (148 S. E. 420). ' "Members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair." ' *Chamberlain* v. *Nash,* 54 *Ga. App.* 508 (2) (188 S. E. 276)."

The only defect alleged in the rented premises is one relating to the natural terrain of the land—that the grassy part of the back yard sloped toward a ravine, which had steep, pitted sides and went down to a depth of 75 feet. The only negligence alleged pertains not to a defect in construction or a failure to repair, but rather to a failure to construct, it being contended that the defendant should have put a fence between the grassed area and the ravine, or else posted someone on duty to see that children did not run, slip, climb or fall from the grassed yard onto the sides of the ravine and the gullies along its sides. That there was no fence, that the yard was not level, and that the cut existed, are all facts so patent to the eye that no question of failure to observe them on the part of anyone with eyesight and sufficient mentality to recognize physical objects can be raised. Granting that the two-year-old plaintiff would not yet have sufficient mentality to appreciate the dangers attendant on steep slopes, the petition yet shows that he was accustomed to play in the area and was accordingly as familiar with it as he could be with any place. He is alleged to be keen intellectually and far more intelligent than

the average boy his age, fond of playing ball and riding his tricycle. The reason why he slipped and fell is not shown, and it only appears that after he slipped and fell while playing he tumbled into one of the gullies of the ravine. As quoted in *Augusta Amusements, Inc.* v. *Powell,* 93 *Ga. App.* 752, 757 (92 S. E. 2d 720), "No danger is more commonly realized or risk appreciated, even by children, than that of falling; consciousness of the force of gravity results almost from animal instinct."

Nevertheless, this case does not turn upon contributory negligence on the part of the plaintiff, but rather on lack of negligence on that of the defendant. The plaintiff here is a member of the tenant's family, albeit a very immature one, but his right to recovery depends solely on whether there was a breach of any duty owing his father, as members of the tenant's family stand in the tenant's shoes. If lack of fencing, or lack of a guard to direct the children's play, should constitute a defect in the premises, it was one which must have been apparent at the time the rental agreement was entered into. The plaintiff's father had equal means with the defendant of looking at the back yard and ascertaining that no fence, guardrails or supervised play area existed, and, having accepted the premises and entered thereon, could not thereafter claim that the defendant was negligent in failing to provide him with these things. In *Mitchell* v. *Clark,* 39 *Ga. App.* 714, supra, the tenant rented rooms in the landlord's house, the rental agreement including access to a bathroom through another room not included in the contract. As to this other room, the tenant was informed when the contract was initiated that it was in bad repair and therefore dangerous. Under these conditions, it was held that a child of the tenant injured while passing through the room because of its dangerous condition had no right to recover—not because the child assumed the risk, but because there was no duty to repair on the part of the landlord. And this was true although possession of the room where the injury occurred was not in the exclusive possession of the tenant, but rather in the qualified possession of the landlord. A much stronger case for the defendant is presented where no defect in premises is alleged other than the natural formation of the earth surrounding the apartment building, as to which it is not in fact even alleged that the landlord retained any right of supervision

and control. See *Augusta-Aiken Ry. &c. Corp.* v. *Hafer,* 21 *Ga. App.* 246 (94 S. E. 252). This, however, would not be a determinative point in this case. Where the landlord-tenant relationship exists, the duties of the landlord are as set out in Code § 61-111 as interpreted by the decisions of our courts, for under the common law the duty to make repairs lay exclusively with the tenant. *Wallace* v. *Adams,* 47 *Ga. App.* 144, 145 (169 S. E. 852).

The defendant in error contends that his petition is properly brought under Code § 105-401 to the effect that the owner or occupier of land is liable in damages to invitees for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe, in which connection he cites *Rothberg* v. *Bradley,* 85 *Ga. App.* 477 (69 S. E. 2d 293). The *Rothberg* case does not turn on any question of a patent defect shown to exist at the time of the rental agreement. In that case the rule is recognized that members of the tenant's family and his invitees stand in the tenant's shoes, but it is held that an unguarded air shaft on a roof where tenants and their invitees customarily went, was not, in the darkness, a patent defect so as to preclude from recovery an invitee who had no knowledge of its existence. Under that decision the tenant, under the same circumstances, might also have recovered. However, granting that the *Rothberg* case treats the tenant's guest as an invitee of the landlord, and applies the measure of care set forth in Code § 105-114 (although the same result would have been reached by applying the rules of law set forth in *Mitchell* v. *Clark,* 39 *Ga. App.* 714), supra, the *Rothberg* case proceeds on the theory that a deep hole in the floor of a dark area the existence of which is unknown to the invitee, is a hidden trap. "The duty to keep the premises safe for invitees applies to defects or conditions which are in the nature of hidden dangers, traps, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care." *Day* v. *Trion Co.,* 56 *Ga. App.* 1 (192 S. E. 88). The allegations in the instant case are that the plaintiff "while playing in the back yard of said apartment, slipped and fell into a gulley partially concealed by brush and weeds on the steep side of the ravine adjoining the grassed portion of the back yard . . . the sides of the ravine extend-

ing from the edge of the grassed portion of the back yards of said apartment were rough, uneven, and had thereon in some places gullies and holes covered with underbrush." Thus, the grassed portion plus the ravine composed the back yard of the dwellings, and the child was playing either on the lip or along the side of the 75-foot ravine when he slipped and fell. Such an area is not a hidden trap but a perfectly obvious bit of irregular terrain. The duty of an owner of land under Code § 105-401 is not to insure the safety of invitees but to exercise ordinary care to see that the premises are safe. Irregular as much of our Georgia countryside is, it could hardly be held that a landowner must render inaccessible to children every portion of irregular terrain or permanently station a guard to supervise their activities thereon. No question of attractive nuisance is presented here, nor of unfamiliarity with the premises, nor of a dangerous instrumentality or hidden trap (the gully on the steep side of a deep ravine, whether obscured by underbrush or not, not being in that particular location such a defect). This statement does not constitute a ruling that Code § 105-401 applies in this case, but is simply a ruling that a cause of action is not set out under either theory.

The trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*