38758.  SCHNEIDER v. MONNESS *et al.*

DECIDED APRIL 10, 1961.

*Maurice Steinberg,* for plaintiff in error.

*Hull, Willingham, Towill & Norman, Robert C. Norman,* contra.

NICHOLS, Judge.  The sole question presented by the record is whether the petition was subject to general demurrer.  The allegations of the petition show that the plaintiff was injured when she fell down a flight of two steps on a walkway outside the apartment building, which walkway led from one of the apartment buildings to a driveway.  No negligence was alleged in connection with the manner in which the apartments, the walkway, or the steps were constructed, and the only negligence alleged dealt with the fact that certain lights which had been placed so as to provide illumination at night were, on the night in question, not illuminated, and the failure of the defendants to provide other lighting fixtures.  It was alleged that the apartments were constructed so that the apartment the plaintiff had visited was connected with a described driveway by a concrete walkway that proceeded at ground level to the driveway with

two changes in its grade, the first change being a fifteen inch drop-off which had one concrete step between such grades and the other being a six-inch curb on the driveway itself.

It was further alleged that the walkway was constructed so that a part of one of the apartment buildings was constructed over the walkway, thus forming a passageway or tunnel under such building. The passageway was thirty feet long, seven feet wide and twelve feet high, and an electric light was placed in the ceiling of such passageway at about the center thereof. The plaintiff fell at the place on the walkway where the concrete step was located, this point being about six feet beyond the end of the passageway above referred to.

The defendants contend that no actionable negligence was alleged in the plaintiff's petition and the plaintiff was failing to exercise ordinary care for her own safety.

In *Phillips v. Ray-Jean, Inc.*, 84 Ga. App. 38 (65 S. E. 2d 617), the holding in the cases of *Chamberlain v. Nash*, 54 Ga. App. 508 (4) (188 S. E. 276), and *Lee v. Malone*, 55 Ga. App. 821 (191 S. E. 494), that in the absence of contractual obligations or statute a landlord is not required to maintain lights or to illuminate passageways was re-affirmed. Therefore the allegations of the petition to the effect that the defendants were negligent in not having the walkway illuminated by the existing lights or were negligent in not having other lights installed are without merit unless the particular circumstances otherwise required the defendants to furnish such illumination.

The plaintiff contends that under the decision of this court in *Southeastern Fair Assn. v. Taylor*, 94 Ga. App. 495 (95 S. E. 2d 22), the defendants' demurrer should have been overruled. In that case the plaintiff was in a grandstand maintained by the defendant and was faced with a situation wherein she must either have remained in the rain in the open grandstand or attempt to leave in the dark. The petition further showed that the lights were "turned off" by the defendant during a performance and not "turned back on" after the performance. Such was not the situation in the case sub judice for here the plaintiff was not placed in such a situation.

The plaintiff failed to allege any actionable negligence on the

part of the defendants and the judgment sustaining the general demurrer was not error for any reason assigned.

*Judgment affirmed. Bell, J., concurs. Felton, C.J., concurs in the judgment.*