39524. DAVIS v. GENERAL GAS CORPORATION et al.

39525. DAVIS, Next Friend v. GENERAL GAS CORPORATION et al.

DECIDED JULY 12, 1962.

320

■■■■■■■■■■■■■■■■■■■■

*Frank Schaffer, Grubbs & Prosser, J. Milton Grubbs, Jr., Jordan H. Prosser,* for plaintiffs in error.

*Edwards, Bentley, Awtrey & Bartlett, Scott S. Edwards, Jr., Reed, Ingram & Flournoy, R. M. Reed, Lawrence B. Custer,* contra.

BELL, Judge. ■ We first consider the alleged error in sustaining the general demurrers of the defendant corporation to the two petitions. One paragraph of each of the petitions charges that the gas company filled the system with liquefied petroleum gas while the system was defective and unsafe to use, contrary to the rules and regulations of the State Fire Marshal of Georgia. Other paragraphs of the petitions made the same charges of negligence as being contrary to the rules and regulations of the State of Georgia. We are not aware of "any rules and regulations of the State of Georgia concerning liquefied petroleum gas." None are set forth in the petitions. As this court will not take judicial notice of the rules and regulations of the State Revenue Commissioner, the State Highway Department, or other administrative agencies of the State, we will not extend this ceremonial courtesy to the rules and regulations of the State Fire Marshal.

Where the regulations of an administrative agency of the State are relied upon as setting forth a duty, the breach of which imposes liability for negligence, the plaintiff must plead and prove them if they are to be relied upon. *Hubbard v. Ruff,* 97 Ga. App. 251 (4), 257 (103 SE2d 134); and *Turner v. Brunswick Distributing Co.,* 95 Ga. App. 651 (98 SE2d 591). See also *Code* § 38-112.

The allegations asserted against the defendant corporation for violation of the rules and regulations of the State Fire Marshal or of the State of Georgia were not sufficiently pleaded to show any breach of duty on its part.

The other proclaimed acts or omissions imputing negligence against the gas company, one that it did not require the landlords to install a safe heater and another that it made no inspection of the defective heater to determine the safeness of the gas system, do not set forth any charges of negligence. In a factually similar case this court held that where an appliance for heating water by gas on private premises is owned and installed by the owner or occupant, the gas company not selling or installing the appliance but merely furnishing gas to it, is not responsible for the condition of the appliance and is not liable to the owner or occupant for injuries caused by its defective condition, unless the gas was supplied by the company with actual knowledge on its part of the defective and dangerous condition of the appliance. *Metz v. Georgia Public Utilities Corp.*, 52 Ga. App. 771 (184 SE 629). See also *Carter v. Callaway*, 87 Ga. App. 754 (75 SE2d 187); *Milligan v. Georgia Power Co.*, 68 Ga. App. 269, 279-280 (22 SE2d 662); *Cornett v. Georgia Public Utilities Corp.*, 63 Ga. App. 305 (11 SE2d 68).

The petition contains no allegations that the defendant corporation had actual knowledge that the system was dangerous and defective. Consequently, under *Metz* and the other authorities cited, there is no duty to inspect to determine the condition of wiring or electrical or gas appliances or pipes on premises owned and controlled by the owner of the building or the occupant.

The trial court properly sustained the general demurrers of the General Gas Corporation in these two cases.

■ The defendant landlords urge that the petitions do not state a cause of action against them and cite cases following the well known rule that the landlord is not liable for injuries to his tenant arising from a patent defect in the premises existing at the time of the lease. *Golf Club Co. v. Rothstein*, 97 Ga. App. 128 (102 SE2d 654). If this rule applies to the facts of the present actions, both the tenant and his daughter would

be barred from maintaining their respective actions as the members of the family stand in the same relation to the landlord as does the tenant. *Mitchell v. Clark*, 39 Ga. App. 714 (1) (148 SE 420).

However, under the allegations of the petitions, the allegedly defective heater was not installed at the time the rental agreement became effective but, on the contrary, was installed some months later. Accordingly, we think that the landlords by subsequently installing the heater and adding it to the heating system which they supplied for the use of the tenant became subject to the duty imposed upon them by law. *Code* § 61-111 provides that the landlord must keep the premises in repair. By judicial interpretation numerous cases have held that the landlord has no duty to repair until he has notice of, or otherwise acquires knowledge of, the necessity for repair. By the express allegation in the petitions the landlords here had notice of the allegedly defective condition of the heater.

It is elementary that questions of negligence and contributory negligence are peculiarly for the jury to determine, and the courts will only resolve them as a matter of law where the answer is plain and palpable. We feel that the question of contributory negligence of a child of tender years is one especially for the jury since the determination of whether the child exercised due care must be made by the subjective standards enunciated in *Code* § 105-204. Here the daughter was nine years of age at the time of the injuries, and a jury must decide what degree of care she was capable of exercising under the actual circumstances of the case by determining her mental and physical capacity to act with due care. *Savannah, F. &c. R. Co. v. Smith*, 93 Ga. 742 (3) (21 SE 157).

A jury issue was presented by the petitions as to the negligence of the landlords.

The trial court erred in sustaining the landlords' general demurrers to the petitions, but properly sustained the general demurrers of the General Gas Corporation to the petitions.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Hall, J., concur.*