## 42336. HYDE, Next Friend v. BRYANT.

SUBMITTED OCTOBER 4, 1966—DECIDED OCTOBER 31, 1966.

*Muskett & Moore, Charles E. Muskett,* for appellant.

*Reeves & Collier, Rex T. Reeves,* for appellee.

FELTON, Chief Judge. "A landlord is not liable for injuries to his tenant or to the members of the latter's family for injuries resulting from a patent defect existing at the time of the rental agreement as to which both the landlord and the tenant had equal knowledge." *Golf Club Co. v. Rothstein,* 97 Ga. App. 128 (102 SE2d 654) and cit., affirmed, *Rothstein v. Golf Club Co.,* 214 Ga. 187 (104 SE2d 83); *Driver v. Maxwell,* 56 Ga. 11 (2); *Aikin v. Perry,* 119 Ga. 263 (2, 3) (46 SE 93); *King v. Smith,* 47 Ga. App. 360 (170 SE 546); *Davis v. General Gas Corp.,* 106 Ga. App. 317, 321 (2) (126 SE2d 820). "A latent defect is one which could not have been discovered by inspection. A *patent* defect is a defect which could be discovered by inspection." (Emphasis supplied.) *Washburn Storage Co. v. General Motors Corp.,* 90 Ga. App. 380, 384 (2) (83 SE2d 26).

The petition does not allege that the child's injuries were caused by a *defect* in the heater, but merely that the absence of a protective device on the heater was a dangerous condition. It does not appear in what way the heater was any more dangerous than would be an open fireplace, for example. Even if this condition be considered a defect, however, it was a patent one, which reasonably could have been discovered by the plaintiff at the commencement of the lease, which occurred in November, at which time heaters are normally in use in this

climate. While a child of three years of age is conclusively presumed to be incapable of contributory negligence and any negligence of his parent or parents would not be imputable to the child in an action in the child's behalf (*Oglesby v. Rutledge*, 67 Ga. App. 656, 657 (2) (21 SE2d 497); *Anthony v. Dutton*, 73 Ga. App. 389 (2a) (36 SE2d 836)), as was pointed out in *Golf Club Co. v. Rothstein*, 97 Ga. App. 128, supra, p. 131, "this case does not turn upon contributory negligence on the part of the plaintiff, but rather on lack of negligence on that of the defendant."

The court did not err in its judgment sustaining the general demurrer to the petition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*