45558.   CARTER, by Next Friend v. BRANNON.

PANNELL, Judge. 1. The evidence and materials produced upon the hearing on a motion for summary judgment made by the defendant landlord was sufficient to authorize a finding that the 3-year-old child of the tenant fell into a depression along a paved driveway and walk belonging to the leased premises, and that the child's fall was caused by the depression, and that the

defendant landlord, as an inducement to the tenant to rent the premises, promised to fill the depression and was therefore under a duty to repair, which duty he failed to perform. Accordingly, a finding was authorized as to the negligence of the landlord in failing to repair.

2. The evidence also authorized a finding that the child's fall caused it to stick a knife in its eye, which resulted in blindness in that eye, and while the evidence was undisputed that the child had gotten the knife from a place where the parents had placed it after taking it away from the child shortly before, and that neither parent knew the child had gotten the knife a second time, and neither parent noticed the child had gone outside the house, and that the child was accustomed to play in the area where the injury occurred and was permitted by its parents to play in such area, this evidence does not demand a finding that the parents' negligence, if any, was the sole cause of the child's injury, as it must, in order to release the defendant landlord of all liability arising from his failure to repair the defect.

3. While it is true that a landlord is not liable for injuries to his tenant or the tenant's family arising from a patent defect in the premises existing at the time of the lease, and of which the tenant knew or had means of knowing, equal to those of the landlord (*Waddell v. Wofford Oil Co.,* 84 Ga. App. 617 (66 SE2d 806); *Hyde v. Bryant,* 114 Ga. App. 535 (151 SE2d 925); *Golf Club Co. v. Rothstein,* 97 Ga. App. 128 (102 SE2d 654)), such rule is applicable only where there is no duty upon the landlord to make repairs (*Mitchell v. Clark,* 39 Ga. App. 714 (1) (148 SE 420)), although this does not necessarily preclude the application of the rule that anyone who walks into a place of obviously known danger cannot recover for injuries resulting therefrom against one who negligently created such danger, or negligently allowed it to remain. *Bixby v. Sinclair Refining Co.,* 74 Ga. App. 626 (40 SE2d 677). The rule that members of a tenant's family, his guests, servants, employees, or others present at his express or implied invitation, stand in his shoes and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the prem-

ises in repair *(Chamberlain v. Nash,* 54 Ga. App. 508 (2) (188 SE 276); *Crossgrove v. Atlantic C. L. R. Co.,* 30 Ga. App. 462 (2) (118 SE 694); *Hickman v. Toole,* 31 Ga. App. 230 (120 SE 438); *Kleinberg v. Lyons,* 39 Ga. App. 774 (4) (148 SE 535)), such rule relates solely to the causative effect of the landlord's failure to keep the premises in repair and has no relationship whatsoever as to the question of whether the tenant, an adult, if injured by the defect, would have been guilty of such negligence as would have prevented the tenant's recovery. The 3-year-old child in the present case is legally incapable of negligence and the tenant parents' negligence cannot be imputed to the child. *Oglesby v. Rutledge,* 67 Ga. App. 656 (21 SE2d 497). We accordingly hold that under the evidence in this case, the trial court erred in granting a motion for summary judgment in favor of the defendant.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*
ARGUED SEPTEMBER 11, 1970—DECIDED NOVEMBER 13, 1970.

*Baker & Bailey, Kirby G. Bailey,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Charles E. Walker,* for appellee.