**Pamela Sue ENGLISH, Individually and as Personal Representative of the Estate of James Harold Burgess, Deceased, and Harold Benjamin Burgess, Individually and as Personal Representative of the Estate of James Harold Burgess, Deceased, Plaintiffs,**

v.

**1ST AUGUSTA LTD., Natubhai Parbhubhai Patel, Arbindbhai Hirabhai Patel, and Bipinbhai Hirabhai Patel, Defendants.**

Civ. A. No. CV184–097.

United States District Court,
S.D. Georgia,
Statesboro Division.

July 10, 1985.

Austin E. Catts, Robert H. Benfield, Jr., Atlanta, Ga., William R. McCracken, Augusta, Ga., for plaintiffs.

Ted H. Clarkson, Patricia Warren Booker of Knox & Zacks, P.C., Augusta, Ga., for defendants.

## MEMORANDUM OPINION AND ORDER

BOWEN, District Judge.

Before the Court is the defendants' motion for summary judgment. Defendants own and operate the Oasis Motor Hotel located in Augusta, Georgia. Plaintiffs have brought this action seeking to hold the defendants legally responsible for the death of plaintiffs' three-year-old son. The child drowned in the swimming pool at the Oasis while visiting his father who was staying at the hotel. Plaintiffs seek to recover damages for their son's funeral expenses and for his pain and suffering. They also seek to recover damages for the loss of services of their minor child and for the full value of his life. Additionally, plaintiffs seek punitive damages.

Jurisdiction is based upon diversity of citizenship and is not disputed.

The complaint states twelve specific allegations of negligence. In summary, plaintiffs allege that defendants negligently maintained the pool. As defendants concede, the allegations of negligence are taken as true for purposes of considering the motion for summary judgment. Defendants argue that they are entitled to summary judgment, however, because the plaintiffs were aware of the pool's defects. According to defendants, "the plaintiffs were aware of the alleged conditions of the premises which they now contend were dangerous, yet the plaintiffs failed to prevent the child from being in a position where he could enter the pool area alone, which failure led to the tragic drowning." (Defendants' Brief in Support of Motion for Summary Judgment at 2.) In other words, the defendants' "summary judgment motion is premised on the failure of the parents to properly supervise and care for their child as required by Georgia law." (*Id.* at 7)

Whether or not plaintiffs and defendants were negligent as a matter of fact or law is a matter of dispute. What is clear is that the child was not negligent as a matter of law. A child of three years of age is conclusively presumed to be incapable of contributory negligence. Further, any negligence on the part of the parents is not imputable to the child. *See, e.g., Hyde v. Bryant,* 114 Ga.App. 535, 537, 151 S.E.2d 925, 926 (1966). *See also* Ga.Code Ann. § 51–2–1(b) (1982) ("In an action by an infant, the fault of the parent or of custodians selected by the parents is not imputable to the child.") Therefore, if plaintiffs are barred from recovery, they are barred by their own negligence or assumption of the risk.

Defendants have argued that the plaintiffs were aware of the alleged defective condition in which the pool was maintained. A review of the transcripts of the deposition testimony of the plaintiffs reveals that they were aware, prior to the death of their child, of the conditions at the Oasis Motel which they now contend were unreasonably dangerous. Defendants insist that they are not relying upon a theory of contributory negligence. Rather, defendants argue that the "equal knowledge" of the pool's defects requires judgment for the defendants as a matter of law.

Knowledge alone, however, will not bar plaintiffs' recovery. The plaintiffs must have been aware of the danger inherent in the conditions surrounding the pool and not merely aware of the existence of the conditions. *Robinson v. Western International Hotels,* 170 Ga.App. 812, 814, 318 S.E.2d 235, 237 (1984). Further, al-

though the knowledge a party possesses is an element to consider when determining whether the party was negligent or assumed the risk of injury, that consideration is in most instances for a jury. This Court is unwilling to declare as a matter of law that the plaintiffs' negligence, if any, was *the* "proximate cause" of the child's death or that the plaintiffs assumed the risk of their child's death. *Keating v. Jones Development of Missouri, Inc.,* 398 F.2d 1011 (5th Cir.1968); *Gregory v. Johnson,* 249 Ga. 151, 155, 289 S.E.2d 232, 235 (1982); *Robinson,* 170 Ga.App. at 813, 318 S.E.2d at 237; *Housing Authority of Atlanta v. Famble,* 170 Ga.App. 509, 511, 317 S.E.2d 853, 857 (1984); *Ward v. City of Millen,* 162 Ga.App. 148, 150, 290 S.E.2d 342, 344 (1982); *Colonial Stores, Inc. v. Donovan,* 115 Ga.App. 330, 331–32, 154 S.E.2d 659, 661 (1967); *Knowles v. Larue,* 102 Ga.App. 350, 116 S.E.2d 248 (1960); *Butler v. Sports Haven International,* 563 P.2d 1245 (Utah S.Ct. 1977); *Kandrach v. Chrisman,* 63 Tenn.App. 393, 473 S.W.2d 193, 198 (1971); *Lynch v. Motel Enterprises, Inc.,* 248 S.C. 490, 151 S.E.2d 435, 437 (1966). "Even when evidence in a case is not in conflict, the determination of negligence is ordinarily within the province of the trier of fact because of the peculiarly elusive nature of negligence and the necessity that the trier of fact assess the reasonableness of the conduct under all the circumstances." *Decker v. Gibson Products Co. of Albany, Inc.,* 679 F.2d 212, 216 (11th Cir.1982).

 When Georgia courts have concluded that a plaintiff, who as a licensee or invitee was injured while on defendant's land, cannot recover from the defendant as a matter of law because the plaintiff knew of the condition or hazard that resulted in his injury, the courts have generally deemed the plaintiff's actions in the light of his knowledge as an assumption of the risk. *See, e.g., Pound v. Augusta National, Inc.,* 158 Ga.App. 166, 168, 279 S.E.2d 342, 344–45 (1981). Defendants, however, rest their defense on the assertion that plaintiff parents failed to supervise and care properly for their child. Such a defense sounds more in negligence than assumption of risk. Of course, "the defenses of assumption of risk and contributory negligence overlap, and are as intersecting circles, with a considerable area in common, where neither excludes the possibility of the other." W. Prosser, *Handbook of the Law of Torts* 441 (4th ed. 1971). Whether defendants choose to base their defense upon a theory that plaintiffs' negligence caused the death of plaintiffs' child or upon the theory that plaintiffs assumed the risk of the death of their child or both theories, this Court reiterates its inability to grant summary judgment for the defendants.

The question of parental negligence is for the jury to determine. "It is normally the duty of parents, by their presence or training, to keep young children from going into places of obvious danger." *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 755, 92 S.E.2d 720, 724 (1956).

> Parents owe a duty to care for their children who are so young and immature that they cannot care for themselves, and in so doing are bound to exercise such degree of care and prudence to promote their safety as, under all the circumstances, is reasonable and proportionate to the age and intelligence of the children, and to the known dangers, or dangers which might be known by the exercise of due care. In other words, parents are required to exercise that degree of care that a reasonably prudent person would exercise under the same conditions, and it must appear that the parent had some knowledge that the child was frequenting a dangerous area, and failed to warn the child or take other adequate precautions.

57 Am.Jur.2d *Negligence* § 377 (1971). "[T]he true test of parental negligence *vel non* is whether in the exercise of ordinary care he should have anticipated that harm would result from the unsupervised activities of the child and whether, if so, he exercised the proper degree of care to guard against this result." *Hill v. Morrison,* 160 Ga.App. 151, 286 S.E.2d 467 (1981). "However, parents are not re-

quired to do the impossible in caring for their children. They are not required to watch them every minute." 57 Am.Jur.2d *Negligence* § 377 (1971). Courts are reluctant to hold as a matter of law that parents are negligent in not keeping constant and unremitting watch and restraint over their children. *Atlanta & Charlotte Air-Line Railway v. Gravitt*, 93 Ga. 369, 375, 20 S.E. 550, 552 (1893).

Plaintiffs rely heavily upon the case of *Gregory v. Johnson*, 249 Ga. 151, 289 S.E.2d 232 (1982). "The Gregorys brought a wrongful death action to recover for the death by drowning of their two-year-old child in a swimming pool owned by the Johnsons." *Id.* The deceased child was a trespasser. The Supreme Court reversed the grant of summary judgment and adopted the five-part test of Restatement (Second) of Torts, § 339 (1965).

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to the children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*Gregory*, 249 Ga. at 154, 289 S.E.2d at 234. The Court concluded that the issues of negligence of the parties was for the jury to decide.

Defendants rely upon the case of *Wren v. Harrison*, 165 Ga.App. 847, 303 S.E.2d 67 (1983). The case arose from the drowning death of a three-year-old child in a lake. Defendant, who was the child's uncle and whose home was located on the shore of the lake, had built and maintained a boat dock into the lake but apparently did not own the lake. The Court of Appeals distinguished the *Gregory* decision stating "that the attractive nuisance theory of recovery does not apply to natural ponds or water hazards, which distinguishes this case from those involving unfenced swimming pools located in areas where uninvited children are known to play." *Id.*, 165 Ga.App. at 848, 303 S.E.2d at 69. The appellate court held that it was error for the trial court to deny the defendant's motion for summary judgment, reasoning that the child was a licensee, his parents knew of the conditions of the dock which had no handrails, and that "[s]ince the duty of providing a safe playground for a child rests upon his parents, any breach of that duty must be imputed" to the child's parents who brought the action rather than to the defendant. *Id.*, 165 Ga.App. at 849, 303 S.E.2d at 70.

Presiding Judge Deen, joined by Presiding Judge Quillian, Presiding Judge McMurray and Judge Pope, filed a forceful dissent:

While the majority may correctly survey the historical duty of care imposed upon a landowner as to a licensee, I believe it ignores the recent trend of the law to date culminating in *Gregory v. Johnson*, 249 Ga. 151 (289 SE2d 232) (1982) overruling *Gregory v. Johnson*, 159 Ga.App. 320 (283 SE2d 357) (1981). My personal observations in the special concurrence therein did not prevail. The Supreme Court in *Gregory* followed Section 339 of the Restatement (Second) of Torts and imposed a duty on the landowner to exercise reasonable care to prevent foreseeable injury to trespassing children. Questions of any breach of that duty and any contributory negli-

gence of the parents were designated for jury resolution. The anomalous effect of the majority's decision here is to impose a lesser duty of care as to a social guest/licensee than the duty owed to a mere trespasser.

"While section 339 is phrased in terms of trespassing children, it is not limited to them. The same principles apply if the child is a licensee or invitee. It would be *irrational to impose a higher duty on landowners when the child is a trespasser than when he is a licensee or invitee.* Section 343B of the Restatement states that, '(i)n any case where a possessor of land would be subject to liability to a child for physical harm caused by a condition on the land if the child were a trespasser, the possessor is subject to liability if the child is a licensee or an invitee.' While there may be a greater duty owed to licensees or invitees than to trespassers, this section makes it clear that they are entitled to *at least* as much protection as trespassers." 34 Mer.L.Rev. 433, 446 (1982). (Emphasis supplied.)

The fact that the doctrine of attractive nuisance was at play in *Gregory* does not render the case inapposite here; its import is its pronounced consideration of foreseeability and traditional negligence concepts in analyzing a landowner's duty of care. I note further that both the Supreme Court and this court actually have previously applied such considerations in determining the duty of care to licensees. " 'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize ... the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.' " *Patterson v. Thomas,* 118 Ga.App. 326, 328 (163 S.E.2d 331) (1968). The Supreme Court expressly adopted this view in *London*

*Iron & Metal Co. v. Abney,* 245 Ga. 759 (267 SE2d 214) (1980).

I believe that factual questions existed for jury resolution, regarding the elements of knowledge of the condition and any foreseeable risks created by the condition (as well as any contributory negligence of the parents), and that the trial court properly denied the appellant's motion for summary judgment. I respectfully dissent.

*Id.,* 165 Ga.App. at 850–51, 303 S.E.2d at 71.

To the extent that the different results reached in the *Gregory* and *Wren* cases depended upon the statuses of the children as trespassers or licensees, the Georgia Court of Appeals decision in the case of *Housing Authority of Atlanta v. Famble,* 170 Ga.App. 509, 317 S.E.2d 853 (1984) erases any such distinction. The appeal arose out of the deaths of two sisters, ages seven and eight, who drowned in an overflowing storm sewer located to the rear of the housing complex where they lived with their mother. On the day the girls died, their mother was away at work. She had left her children in the care of another daughter, age ten, and had asked a next-door neighbor to " 'check' " on the children.

The appellate court decided that the children were either licensees or trespassers but that the distinction was of no consequence. Presiding Judge Quillian wrote, "Formerly, being a child was not a factor for consideration in determining one's status as invitee, licensee or trespasser ..., but the blurred distinction between a child's status as a licensee or trespasser has been virtually obliterated by our Supreme Court's adoption of the Second Restatement of Torts, § 339 (1965).... *Gregory v. Johnson,* 249 Ga. 151, 154 (289 S.E.2d 232). Because these conditions are applicable to a child trespasser, certainly a child licensee would be subjected to no stricter standard." *Id.,* 170 Ga.App. at 526–27, 317 S.E.2d at 868.

■ In the case presently before the Court, the plaintiffs insist that the child

was an invitee while the defendants are adamant that the child was a licensee. In light of the *Famble* decision, I am not certain the distinction is important. After *Famble*, the five-part test of *Gregory* and the Restatement clearly applies to children who are licensees. Certainly a child invitee is owed at least as much protection as that owed a licensee. "The system of rigid categories of trespasser, licensee or invitee, into one of which the plaintiff must be forced to fit, has disturbed some judges, particularly since there are cases which are difficult to dispose of under any of the three specifications." W. Prosser, at 398.

The Court will not, at least at this stage of the case, determine as a matter of law the status of the deceased child. If, however, the hotel did in fact encourage adults to stay at the hotel by allowing their children to stay for free, then it would seem that the child was an invitee. *See Anderson v. Cooper,* 214 Ga. 164, 169, 104 S.E.2d 90, 94 (1958). The case of *Ricks v. Boatwright,* 95 Ga.App. 267, 97 S.E.2d 635 (1957) is distinguishable on its facts. The child in the present case was with his father, not a baby-sitter. "The courts have usually recognized that persons upon the premises of the inn in response to an invitation, either express or implied, for the purpose of visiting or calling upon registered guests at proper times, for lawful purposes, and who remain within the boundaries of their invitation are, or are to be treated as invitees...." Annot. 58 A.L. R.2d 1201, 1203 (1958). Also lending support to a conclusion that the child was an invitee or was to be treated as one is the Georgia "rule that members of a tenant's family, his guests, servants, employees, or others present at his express or implied invitation, stand in his shoes and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair." *See, e.g., Carter v. Brannon,* 122 Ga.App. 812, 178 S.E.2d 755 (1970).

 The case of *Northwestern Mutual Life Insurance Co. v. McGivern,* 132 Ga.App. 297, 208 S.E.2d 258 (1974) lends further support to the Court's denial of the motion for summary judgment. The case arose out of the death of a twelve-year-old boy who drowned in an apartment complex pool. The boy's parents were seated in chairs in the vicinity of the pool at the time of the drowning. The plaintiff parents alleged that defendant had violated the requirements of a Dekalb County ordinance enumerating safety requirements for swimming pools. The appellate court found no error in the trial court's denial of defendant's motion for summary judgment. In the present case, the plaintiffs have similarly alleged that defendants violated safety ordinances adopted by the Board of Health of Richmond County. The ordinances are presumed valid. *But see Vinson v. Home Builders Association of Atlanta,* 233 Ga. 948, 213 S.E.2d 890 (1975) (where the court ruled that the Dekalb County Board of Health exceeded its authority in enacting swimming pool regulations.) If defendants violated a valid ordinance, its violation would constitute negligence *per se.* The question of "proximate cause" would still be for the jury to decide. *McGivern,* 132 Ga.App. at 301, 208 S.E.2d at 262.

The Court reserves ruling on the question of whether the father's negligence, if any, is imputable to the mother, but questions the validity of such an assertion in this case. The parents were divorced. The father had visitation rights. The mother was obligated to cooperate and allow father his visitation rights. Nothing in the present record indicates that the mother had any reason to doubt the father's fitness as a parent.

The Court has discussed some of the issues of this case perhaps at greater length than necessary to reach its ruling on the summary judgment motion. The discussion is meant to provide some guidance to counsel in the preparation of this case for trial. In conclusion, the Court DENIES defendants' motion for summary judgment.