A93A0542. COMMERCE PROPERTIES, INC.
v. LINTHICUM et al.
(434 SE2d 769)

SMITH, Judge.
Four-year-old Jonathan Linthicum was playing in the parking area in front of his parents' apartment when he was struck by a neighbor's car turning into a parking space. Through his next friend, the child brought this premises liability action to recover for his injuries against Commerce Properties, Inc. (CPI), as owner of the apartment complex. According to the complaint, CPI was negligent in maintaining the parking lot and adjacent areas without adequate speed breakers, and without child warning signs, pedestrian warning signs and other traffic warning and safety devices. Following discovery, CPI moved for summary judgment. Although summary judgment was denied, the trial court timely certified its order for immediate review, OCGA § 5-6-34 (b). CPI's application for interlocutory appeal was granted by this court, and a timely notice of appeal was filed.

1. The trial court correctly denied summary judgment in favor of CPI on the asserted ground that appellant had no control over the premises. Uncertified copies of pleadings and orders from other courts of this state are not competent evidence to show that CPI, a Tennessee corporation, was an ousted mortgagor, out of possession and not in control of the premises at the time of the incident. See OCGA § 24-1-4; *Rutland v. City of Dublin,* 50 Ga. App. 242 (177 SE 819) (1934). Compare *South America Managers v. Reeves,* 220 Ga. 493, 495 (140 SE2d 201) (1965) (court may take judicial notice of its own records in the immediate case or proceeding before it).

2. The allegedly defective condition on the owner's property involved the common area of the parking lot and not that residential

living area over which the tenant had dominion. There is no assertion that CPI violated any applicable statute or housing code. Liability is therefore properly predicated upon OCGA § 51-3-1 and not upon OCGA § 44-7-14. *Maloof v. Blackmon*, 105 Ga. App. 207, 208 (4a) (124 SE2d 441) (1962). Linthicum's reliance upon *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989) is misplaced.

OCGA § 51-3-1 provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." However, it has long been the general rule that a landlord is not liable for injuries to his tenant or to the members of the latter's family for injuries resulting from an obvious or patent defect existing at the time of the rental agreement as to which both the landlord and the tenant had equal knowledge or equal means of knowing, unless the landlord has agreed to repair the condition or has a statutory duty to repair. *Roth v. Wu*, 199 Ga. App. 665, 666 (1) (405 SE2d 741) (1991); *Golf Club Co. v. Rothstein*, 97 Ga. App. 128 (102 SE2d 654), aff'd 214 Ga. 187 (104 SE2d 83) (1958). See also *Carter v. Brannon*, 122 Ga. App. 812 (1) (178 SE2d 755) (1970); *Thompson v. Crownover*, supra at 128-129 (3, 4). The owner or occupier of land generally has "no duty to warn against obvious or patent dangers which may be [readily] observed. . . ." *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140, 142 (2) (424 SE2d 85) (1992).

The alleged defective situation rendering the parking lot unsafe was the absence of sufficient speed barriers and warning signs. It is undisputed, however, that the situation was no different when the parents moved into the complex. This defect, if it was a defect, was patent. " 'A latent defect is one which could not have been discovered by inspection. A *patent* defect is a defect which could be discovered by inspection.' . . . [Cit.]" (Emphasis in original.) *Hyde v. Bryant*, 114 Ga. App. 535, 536 (151 SE2d 925) (1966). Compare *Motel Properties v. Miller*, 206 Ga. App. 370 (425 SE2d 334) (1992) (irregular stone walkway became latent defect when unilluminated at night). The owner's failure here to provide speed barriers, signs, or warnings was not conduct making the owner potentially liable to Linthicum's family. "The true ground of liability is the landowner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted." (Citations and punctuation omitted.) *Roth v. Wu*, supra at 666 (1). The evidence shows conclusively that the knowledge of the owner could not be superior. The trial court erroneously denied CPI's motion for summary judgment.

A child of tender years is presumed incapable of contributory negligence. *Crawford v. Southern R. Co.*, 106 Ga. 870 (2) (33 SE 826) (1899). It is also true that any negligence on the part of the parents may not be imputed to the minor. OCGA § 51-2-1 (b). Nevertheless, the tenant's family and his invitees stand in the shoes of the tenant. *Golf Club Co. v. Rothstein*, supra at 132. This case, however, turns not on any contributory negligence on the part of the child or his parents, but rather on the absence of any breach of duty on the part of the owner. *Hyde v. Bryant*, supra at 537.

3. Contrary to the position urged by the Linthicums, the failure of the management company to follow through with any intention to implement an unspecified "safety program" does not result in any duty to exercise a *heightened* standard of care. *Lau's Corp. v. Haskins*, 261 Ga. 491, 494-495 (3) (405 SE2d 474) (1991).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 15, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 — 

Thomas C. Blaska & Associates, Robert A. Del Bello, Susan B. McMullan, for appellant.

Tinkler & Groff, William P. Tinkler, Jr., Irwin, Bladen, Baker & Russell, R. Chris Irwin, Jennie E. Rogers, for appellees.

