**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2018**

# In the Court of Appeals of Georgia

A17A1819. CHEROKEE MAIN STREET, LLC v. RAGAN.

A18A0025. TJX COMPANIES, INC. v. RAGAN

MCMILLIAN, Judge.

In these consolidated appeals, Cherokee Main Street, LLC ("Cherokee") and TJX Companies, Inc. ("TJ Maxx") appeal from the trial court's denial of their motions for summary judgment in a premises liability action filed by Pamela J. Ragan seeking to recover for injuries suffered when she was struck by a car in a shopping center parking lot. We find that Cherokee and TJ Maxx were entitled to summary judgment because Ragan has failed to show that they had superior knowledge of the hazard she alleges in this case. Accordingly, we reverse.

On appeal, this Court reviews the trial court's summary judgment ruling under a de novo standard, construing the evidence in Ragan's favor as the non-movant. *905 Bernina Avenue Coop. v. Smith/Burns LLC*, 342 Ga. App. 358, 361 (1) (802 SE2d

373) (2017). So viewed, the evidence shows that TJ Maxx leased retail space in a shopping center from Cherokee, which owned the center. Ragan visited the shopping center on December 19, 2013, and after completing her shopping at another department store, she walked along the sidewalk fronting the center's retail businesses to the TJ Maxx store, near where her car was parked. Ragan walked down a ramp leading from the sidewalk to the parking lot, where she stopped and looked both ways. It is undisputed that there was no crosswalk leading from the ramp across the parking lot. When Ragan stopped, she observed a car coming from the left, approximately two to three car lengths away. She then stepped into the vehicle's travel lane, because her "mindset was that it would stop or had already stopped since it was a pedestrian crossing." Ragan testified that she assumed the car would stop because she would have stopped under the same circumstances. Although Ragan knew the car was there and kept it in the corner of her eye, she never made eye contact with the driver and "it wasn't like [she] was really aware of it" until the "very last minute" when it hit her. The right front portion of the vehicle struck Ragan, knocking her to the ground.

Prior to this incident, Ragan had visited the shopping center dozens of times and previously had crossed the area of the parking lot where the incident occurred.

She had also driven in the area in front of TJ Maxx and had never noticed stop signs in that area for cars.

In her premises liability suit, Ragan asserted that Cherokee and TJ Maxx violated their duty of care to her by failing to provide appropriate warnings requiring traffic in the area to stop and yield the right of way to pedestrians and by failing to designate a crosswalk on the pavement between the ramp and the parking area. Both defendants filed motions for summary judgment asserting that (1) they did not owe Ragan a duty to protect her against the danger that resulted in her injuries because they lacked superior knowledge of that danger and (2) Ragan's own failure to exercise reasonable care for her own safety was the proximate cause of her damages. The trial court denied these motions, finding that issues of material fact existed as to whether TJ Maxx was negligent in failing to request that certain safeguards be placed near its store and as to whether Cherokee was negligent in failing to provide such safeguards.

Under OCGA § 51-3-1, a person who owns or occupies land and "by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose,... is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." In

3

order to recover on a premises liability claim, a plaintiff must show "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-49 (2) (b) (493 SE2d 403) (1997). Accordingly, "the fundamental basis for an owner or occupier's liability [is] that party's superior knowledge of the hazard encountered by the plaintiff." Id. at 736 (1). In other words, a plaintiff is not entitled to recovery if "the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant." *Norman v. Jones Lang LaSalle Americas, Inc.*, 277 Ga. App. 621, 624 (627 SE2d 382) (2006). See also *Forest Cove Apartments, LLC v. Wilson*, 333 Ga. App. 731, 734 (776 SE2d 664) (2015) (no recovery where evidence demonstrated that plaintiff had equal knowledge of the dangerous condition).

Here, it is undisputed that the area where Ragan crossed the parking lot had no crosswalk, no stop signs, and no other pedestrian-related traffic signs. Ragan testified that nothing impeded her view of the area at the time of the accident, and she was not distracted. Further, the evidence showed that Ragan had been to the shopping center numerous times, and on several occasions, she had shopped at TJ Maxx and crossed

the parking lot where the incident occurred. Therefore, to the extent that the lack of a crosswalk or traffic warnings constituted a defect on the property, as Ragan contends, that defect was open and obvious and Ragan had equal knowlege of any such defect. See *Johnson v. Green Growth 1, LLC*, 305 Ga. App. 134, 139 (699 SE2d 109) (2010) (where lack of barrier between children's play area in apartment parking lot and route of vehicular traffic open and obvious, landlord lacked superior knowledge of defect) (physical precedent only); *Barnes v. Morganton Baptist Assn.*, 306 Ga. App. 755, 758 (1) (703 SE2d 359) (2010) (retaining wall at shopping center and drop-off therefrom constituted an open and obvious defect; property owner lacked superior knowledge of defect); *Commerce Properties v. Linthicum*, 209 Ga. App. 853, 854 (2) (434 SE2d 769) (1993) (where lack of pedestrian warning signs and other warning and safety devices in apartment parking lot open and obvious, landlord lacked superior knowledge of defect); *Chisholm v. Fulton Supply Co.*, 184 Ga. App. 378, 379 (1) (361 SE2d 540) (1987) ("[A] proprietor is not an insurer of an invitee's safety, and is not liable for injuries resulting from a condition which is readily observable and which should have been seen and appreciated by the invitee before he exposed himself to it[.]").

5

Moreover, we note that the potential danger alleged in this case was that the absence of a crosswalk or other traffic warnings exposed pedestrians to the risk of negligent actions by third-party drivers. This Court addressed the application of the superior/equal knowledge rule in a case involving a similar claim in *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 240 (390 SE2d 248) (1990). There, O'Steen, the plaintiff, worked for the defendant company and was driving through the company's parking lot when a car entered the area of the parking lot in which she was traveling, causing the two cars to collide. The alleged defect in that case was the presence of large trucks, which the defendant allowed to be parked where they blocked the view of the intersection where the accident occurred. Id.

This Court explained in *O'Steen* that the superior/equal knowledge rule applied in cases "where the proprietor allows a dangerous condition to exist, including cases where the alleged dangerous condition is one created by the activities of third persons[.]" *O'Steen*, 194 Ga. App. at 242 (1). The rule applies

> so long as the condition is one which the invitee can expect equally with the host, or come to know of, and therefore must anticipate the danger. In other words, the condition even if created by third parties must be such that the invitee can indeed have equal knowledge and either assumes the risk or *can avoid the danger with ordinary care*.

6

(Citation and punctuation omitted; emphasis in original.) Id. Therefore, "[t]he 'equal knowledge rule'... is the practical application of a rule that a knowledgeable plaintiff cannot recover damages if by ordinary care he could have avoided the consequences of defendant's negligence. OCGA § 51-11-7." (Punctuation omitted.) Id. Because O'Steen had knowledge of the dangerous intersection and failed to approach it with the requisite care, this Court held that the trial court properly found that her claims were barred. Id. at 243.

Here, not only did Ragan have equal knowledge that no crosswalk or warning sign existed in the area where she was attempting to cross the parking lot, she actually saw the car that ultimately hit her heading in her direction *before* she stepped into the parking lot. We find, therefore, that Ragan had superior knowledge of the immediate risk posed by that car, a risk that could have been easily avoided by waiting for the car to either stop or to pass before proceeding. Instead, she chose to step into the path of that car based on an assumption that it would stop. Under these circumstances, Ragan's claims are barred as a matter of law.[1] Compare *Travis v. Quiktrip Corp.*, 339

---

[1] In a separate enumeration of error, TJ Maxx argues that it cannot be held responsible for the lack of a crosswalk or warning signs because, as a tenant in the shopping center, it did not own or occupy the parking lot and thus had no duty to maintain that area under OCGA § 51-3-1. In light of our holding in this case, we need not address that enumeration; however, nothing in this opinion should be read to

Ga. App. 551, 556 (1) (794 SE2d 195) (2016) (affirming denial of summary judgment where defendant's employment required him to place himself in the path of automobiles and issues of fact existed as to whether he had the reasonable choice to avoid the danger posed thereby).

*Judgment reversed. Barnes, P. J., and Mercier, J., concur.*

---

impose any such duty on a tenant under these circumstances.