[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14549

_____

MARGARET HELTON,

Plaintiff-Appellant,

*versus*

STEAK N SHAKE, INC.,
ABC CORPORATIONS (1-3),
JOHN/JANE DOES (1-3),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-02181-WMR

_____

Before Newsom, Branch, and Brasher, Circuit Judges.

PER CURIAM:

Margaret Helton appeals the district court's grant of summary judgment in favor of Steak N' Shake, Inc., the corporate owner of a fast-food restaurant in Sandy Springs, Georgia, on her premises liability "slip and fall" tort suit. Helton raises two principal issues. First, Helton claims that the district court erred by concluding that, because of visible "wet floor" signs, she had equal knowledge of the water hazard. Second, Helton argues that the district court failed to credit her rebuttal evidence establishing material disputes of fact as to whether she exercised reasonable care for her safety. But unfortunately for Helton, the restaurant recorded her on video, which, in turn, reveals no reason that she was unable to see the "wet floor" signs. Hence, after review and with the benefit of oral argument, we affirm.

## I.    BACKGROUND

### A.  Factual Background

On March 5, 2018, Helton went to the Steak N' Shake to enjoy a late lunch with her family. Shortly before her arrival, a Steak N' Shake employee mopped the floor on the side of the restaurant opposite from where Helton eventually sat, placing and leaving a wet floor sign near the restaurant's drink machine. When she concluded, she did not remove the wet floor sign. Approximately an hour and a half later, another employee

proceeded to mop the main dining area, and placed two new wet floor signs on the opposite side of the dining room from where Helton was seated.

Prior to Helton's fall, multiple customers and employees traversed the area between the signs without issue. Helton followed in their footsteps less than a minute after the last of these patrons crossed. In the process, she walked past the bright yellow wet floor sign next to the drink machine, and, a few seconds later, tumbled to the ground.

After she fell, Helton heard a person she believed to be an employee shout "[g]et this water up" or "get a mop." She also claims that when she stood up, her clothes were soaked. However, the manager recalls her clothes being bone dry.

### B. Procedural History

On May 14, 2019, Helton filed a negligence claim against Steak N' Shake in Georgia state court, contending that Steak N' Shake's employees negligently mopped the floor—or, alternatively, that the restaurant negligently failed to maintain a leaky soda machine—which, in turn, led to her fall. Steak N' Shake subsequently removed the case to the United States District Court for the Northern District of Georgia, where the case proceeded to discovery. After discovery closed, Steak N' Shake moved for summary judgment. In addition to contesting both the existence and its knowledge of the hazard, Steak N' Shake contended that

Helton failed to exercise reasonable caution despite being put on notice of the hazard by the wet floor sign.

Recognizing disputes of material fact regarding the existence of a hazard, and whether Steak N' Shake had constructive or actual knowledge of the hazard, the district court turned to Helton's knowledge of the hazard and the degree of care she exercised.

The district court found that "it is reasonable to expect water to be on the floor of a restaurant and to take caution, especially when a wet floor sign is placed nearby." It continued, explaining that the video evidence shows Helton walk right by the sign before her fall, and establishes that it was well within her line of sight. Consequently, the district court also dismissed her argument that an angled booth, not captured in the video's frame, obstructed her view. Accordingly, the district court held that Helton had actual knowledge and nevertheless failed to exercise reasonable care for her safety. Helton timely appealed.

## II.    ANALYSIS

### A.  Standard of Review

We review *de novo* a district court's grant of summary judgment, taking as true the non-moving party's factual pleadings and drawing all reasonable inferences in its favor. *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1276–77 (11th Cir. 2001). However, where video evidence plainly contradicts some or all of those facts, we need not credit them. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Equal Knowledge of the Hazard

Helton argues that the district court erred by determining that she had "equal or superior knowledge of the hazard," and that the evidence instead established that she had constructive knowledge, at most. She therefore claims that, because Steak N' Shake had actual knowledge of the hazard, the district court erred by granting summary judgment.

Georgia's test for premises liability distills "down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *Am. Multi-Cinema, Inc. v. Brown*, 679 S.E.2d 25, 27–28 (Ga. 2009).

But "[t]he mere occurrence of an unfortunate event" on an owner's premises, such as Helton's fall, does not necessarily permit an invitee to recover against him. *Shortnacy v. N. Atlanta Internal Med., P.C.*, 556 S.E.2d 209, 213 (Ga. Ct. App. 2001). Because, relative to his customers, the owner is better positioned to discover, remediate, or warn invitees about potential hazards, "the fundamental basis for an owner or occupier's liability [is] that party's superior knowledge of the hazard encountered by the

plaintiff." *Cherokee Main St., LLC v. Ragan*, 813 S.E.2d 397, 399 (Ga. Ct. App. 2018) (quotation omitted).[1]  Accordingly:

> to survive a motion for summary judgment, a plaintiff must come forward with evidence that, viewed in the most favorable light, would enable a rational trier of fact to find that the defendant had actual or constructive knowledge of the hazard.  At that point, the burden of production shifts to the defendant to produce evidence that the plaintiff's injury was caused by [her] own voluntary negligence (intentional disregard of a known risk) or causal negligence (failure to exercise ordinary care for one's personal safety).  If the defendant succeeds in doing so, the burden of production shifts back to the plaintiff to come forward with evidence that creates a genuine dispute of fact on the question of voluntary or causal negligence by the plaintiff or tends to show that any such negligence resulted from the defendant's own actions or conditions under the defendant's control.

*Brown*, 679 S.E.2d at 28.

Of course, "[a]s a general proposition, issues of negligence, contributory negligence and lack of ordinary care for one's own

---

[1] We note that in *Dickerson v. Guest Services of Virginia*, the Georgia Supreme Court indicated that, for the purpose of summary judgment in a slip-and-fall case, actual knowledge is superior to constructive knowledge.  653 S.E.2d 699, 701 (Ga. 2007).

20-14549                Opinion of the Court                7

safety are not susceptible of summary adjudication . . . ." *Robinson v. Kroger*, 493 S.E.2d 403, 408 (Ga. 1997) (quotation omitted). But "where the evidence is plain, palpable and undisputable," a "court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff." *Id.* (internal citations and alterations omitted).

To that end, as a matter of law, "the fact that the plaintiff merely failed to look will not relieve her from the responsibility for her misadventure." *D'Elia v. Phillips Edison & Co., Ltd.,* 839 S.E.2d 721, 724 (Ga. Ct. App. 2020) (citation omitted). Though Georgia does not require an invitee to fix her gaze on the floor in front of her, *see Robinson*, 493 S.E.2d at 409, it does not permit that invitee to blind herself to the premises owner's efforts to warn her of avoidable hazards either.

Rather, an invitee must "exercise ordinary care for her own safety . . . and must make use of all her senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to her." *Crebs v. Bass Pro Outdoor World*, 860 S.E.2d 802, 805 (Ga. Ct. App. 2021) (quotation omitted). "Cases in which it is plain and palpable that knowledge was or should have been possessed by a person of ordinary intelligence and powers of observation will not be changed to a case involving disputed issues of material fact simply because the party claims he did not use his intelligence or powers of observation." *See Scott v. Forest Acres Full Gospel Church*, 834 S.E.2d 286, 290 (Ga. Ct. App. 2019) (quotation omitted).

Applying Georgia's law to the case at bar, we find no dispute of material fact precluding a grant of summary judgment in favor of Steak N' Shake. Rather, the only real question in this case is whether Helton can create a material dispute of fact as to her equal knowledge of the hazard when the video evidence clearly contradicts her position. According to the Supreme Court, she cannot. *See Scott*, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

First, we agree with the district court that Helton carried her burden to show that Steak N' Shake had actual knowledge of the water hazard. After all, the restaurant's employees twice mopped the floor and placed the caution signs at issue in this dispute.

Thus, the burden shifted to Steak N' Shake "to produce evidence that the plaintiff's injury was caused by [her] own voluntary negligence (intentional disregard of a known risk) or causal negligence (failure to exercise ordinary care for one's personal safety)." *Brown*, 679 S.E.2d at 28. And, of course, Helton "is not entitled to recovery if the undisputed evidence demonstrates that [her] knowledge of the hazard was equal to or greater than [Steak N' Shake's]." *Cherokee Main St.*, 813 S.E.2d at 399 (quotation omitted).

And yet, the plain, palpable video evidence produced by Steak N' Shake establishes that Helton had equal—and, in this case,

20-14549                Opinion of the Court                9

actual—knowledge of the hazard. *See Drew v. Istar Financial, Inc.*, 291 Ga. App. 323, 324-25 (2008); *Dickerson*, 653 S.E.2d at 701. Specifically, the recording reveals that Helton walked in front of, and then right past, a bright yellow caution sign before falling to the ground.

Helton's claim that the water came from a leaky soda fountain rather than negligent mopping adds little to the discussion. Regardless of the water's source, the warning sign was located close enough to the site of Helton's fall as to put a reasonable person on notice that she should tread carefully in that vicinity. We agree with the district court that, when the restaurant has placed a wet floor sign in a particular area, it is reasonable to expect that the floor may have wet patches. And, as the video evidence reveals, Helton, with her view unobstructed, walked right past one of the caution signs.

Consequently, there is clear, palpable, and—contrary to her position—undisputed evidence of Helton's knowledge of the risk and her alleged failure to see the large yellow wet floor unobstructed sign that she walked right past was a lack of ordinary care on her part. As a result, we find that Helton had equal knowledge of the water hazard in which she slipped. And, therefore, Helton cannot show a dispute of material fact as to her equal knowledge of the hazard.

### C. Exercise of Ordinary Care by Plaintiff

Because Steak N' Shake demonstrated that Helton had actual knowledge of the water hazard, the burden shifted back to her to produce evidence creating a genuine dispute of fact regarding her exercise of ordinary care or whether her negligence resulted from something exclusively within Steak N' Shake's control.

Again, we agree with the district court's conclusion that Helton failed to carry her burden. Helton claims that the video does not show the angled booth that obstructed her view as she rounded the corner immediately before she came into the recording's frame. But Helton has provided no evidence that her view was obstructed, and, even if it was temporarily limited, we nevertheless see no reason why Helton would not have seen the sign after exiting the booth.[2]

---

[2]Helton answers that, though she stared straight ahead, she did not look low enough for the sign to enter her field of vision. Indeed, she posits that because the video does not clearly show the direction in which her eyes pointed, there is still a material dispute of fact as to whether she saw the sign warning of a water hazard. Taking her claim to its logical end, summary judgment would therefore be inappropriate for a person who walked through the same restaurant while walking backwards.

When asked whether she agrees with that inference at oral argument, Helton simply clarified that she believes questions of ordinary care are best reserved for a jury, rather than summary judgment.

Accordingly, we turn to and reject Helton's claim that the district court failed to credit her proffered evidence rebutting Steak N' Shake's showing of her own contributory negligence. Citing *Grovner v. Winn Dixie Stores, Inc.*, 462 S.E.2d 427 (Ga. Ct. App. 1995), Helton proposes that, because she did not have specific knowledge of the risk posed by the portion of the floor upon which she slipped, Georgia law does not allow a court to find that she failed to exercise ordinary care for her own safety.

Additionally, she contends that a jury could find that Steak N' Shake concealed the hazard because it did not provide a warning about the soda fountain, one potential source of the spill, or, alternatively, that Steak N' Shake failed to follow its own safety policies requiring employees to encircle a mopped area with caution signs.[3]

But neither of these claims creates a material dispute of fact when we have plain, palpable, and undisputed video evidence establishing Helton's actual knowledge of the water hazard. It does not matter whether the caution sign which Helton ignored referred to the mopping that took place approximately seven minutes before her fall, or if it referred to water left over from mopping that occurred seventy minutes prior. Nor would it matter if Helton

---

[3] In support of her position, Helton directs us to a half-dozen Georgia cases involving plaintiffs who allegedly received notice of a potential slipping hazard in one location, and then fell in another. But because Helton slipped in water located only a few feet away from the caution sign, those cases are inapposite.

slipped in water that originated from a leaky drink machine as she now argues on appeal. The source of the water is irrelevant in this case. Once a defendant establishes that a plaintiff had equal or greater knowledge of a specific hazard—water in the vicinity of the caution sign—the burden shifts to her to rebut the presumption of contributory negligence. Helton failed, and, accordingly, a grant of summary judgment in favor of Steak N' Shake is appropriate.

Finally, Steak N' Shake's purported failure to direct its employees to encircle the wet portion of the floor does not bear on the reasonableness of Helton's actions. Because she had actual, and therefore at least equal, knowledge of the hazard, Steak N' Shake's purportedly negligent warning is not the source of her harm. Accordingly, we hold that the district court did not err in finding that Helton failed to rebut Steak N' Shake's evidence establishing her equal knowledge of the hazard and failure to act with ordinary care.

## III.    CONCLUSION

Because we conclude that Steak N' Shake successfully demonstrated that Helton had equal knowledge of the hazard, and she failed to rebut the consequent presumption of contributory negligence, we affirm the district court.

**AFFIRMED.**