**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 29, 2024**

# In the Court of Appeals of Georgia

A24A0347. MEADOWS v. DOLLAR GENERAL STORE.

MARKLE, Judge.

In this premises liability action, Teri Meadows appeals from the trial court's order granting summary judgment in favor of the Dollar General Store after Meadows sustained injuries to her hand while attempting to pull the door closed as she exited the store.[1] On appeal, Meadows alleges the trial court erred in granting Dollar General's motion because (1) it knew the door was dangerous and refused to fix it, and (2) factual questions remain as to when Meadows knew that a Dollar General employee had also been injured by the door. For the reasons that follow, we affirm.

---

[1] The trial court denied Meadows cross-motion for summary judgment, but she does not appeal from that denial.

Whether summary judgment is granted or denied, that decision enjoys no presumption of correctness on appeal, and an appellate court must satisfy itself that the requirements of OCGA § 9-11-56 (c) have been met. And in conducting this de novo review, we are charged with viewing the evidence, and all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant. Under OCGA § 9-11-56 (c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" Although summary judgment generally is not appropriate in routine negligence and premises liability cases, where the evidence is plain, palpable and undisputable, summary judgment is warranted.

(Citations and punctuation omitted.) *Crebs v. Bass Pro Outdoor World*, 360 Ga. App. 121 (860 SE2d 802) (2021).

So viewed, the record shows that Meadows was a regular shopper at the Dollar General. In her deposition, Meadows testified that in the approximate year and a half she had been going to the store, the door was always open, and, on the day of her incident in February 2020, there was a sign on the door asking patrons to manually open and close it. As Meadows was exiting the store, the door closed on her hand as she was attempting to shut it behind her. The incident was captured on the store's

2

surveillance cameras,[2] which depict Meadows entering the store without incident, and then, as she was pulling the door closed as she exits, slamming her hand in the door.

As a result of her injury, Meadows filed suit against Dollar General, alleging negligence for its failure to repair the door, injuring her hand, and resulting in more than $5,000 in medical expenses and lost wages. She also sought punitive damages and attorney fees.

The store manager averred that, on the day of Meadows's accident, she was unaware of any other injuries involving customers using or closing the door or getting hurt while operating the door. A former employee of the store, who witnessed Meadows's incident, testified in her deposition that the store's door had been broken since she started working there in August 2019, and that generally the door was only closed when it was raining. She testified that, in October 2019, she had hurt her hand while closing the door, and that, the day after, she had warned Meadows to be careful of the door because it needed repair. The employee further testified that she had seen

---

[2] Dollar General submitted still photos in the record of Meadows's entering and exiting the store on the day of the incident. Meadows also describes in her deposition testimony that she entered the store without issue, closing the door behind her, and that she slammed her hand in the door as she was exiting the store.

Meadows exit the door on several other occasions without attempting to close it behind her, and that Meadows knew, after the employee's incident, that she could potentially close her fingers in the door if she tried to close it.

Meadows initially testified at her deposition that she was unaware of the Dollar General employee's incident with the door until after she got hurt. She then corrected her statement, admitting that she knew about the employee's incident prior to her own injury. Meadows also testified that the day of the incident the door was closed when she arrived at the store and there was a sign on the door asking customers to "[p]lease pull door behind you open and shut[,] Thanks management." Meadows testified she opened the door, entered the store, and closed the door behind her without incident. However, on her way out, she grabbed the door frame with her right hand to pull it shut and the door closed on her hand. She testified she had no trouble seeing the glass door or the door frame; nothing distracted her view of the door; the lighting inside the store was good; and that she was familiar with how sliding doors work. She also confirmed she knew the doors were inoperable before she tried to close them.

The parties filed cross-motions for summary judgment. In its motion, Dollar General argued that Meadows had equal knowledge of the door's hazardous condition

yet she failed to exercise ordinary care for her own safety. Following a hearing, the trial court granted summary judgment in favor of Dollar General. This appeal followed.

At the outset, we note that Meadows fails to adhere to many of our rules regarding appellate briefing, and, in particular, fails to set out her enumerations of error and corresponding arguments properly. Court of Appeals Rule 25 (a) (4) (7), (d) (1) (i). For instance, Meadows sets forth two enumerations of error, but then proceeds to enumerate additional statements that recite alleged error without supporting argument, citation to authority, or recitation to the record. See Court of Appeals Rule 25 (a) (4) (7), (d) (1) (i) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned. . . . Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration.").

> Our requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.

(Citation omitted.) *Langford v. Dept. of Community Health*, 363 Ga. App. 121, 123 (871 SE2d 26) (2022). We thus endeavor to address Meadow's arguments as best we can discern them.

1. Meadows first argues that the trial court erred by granting Dollar General's summary judgment motion because Dollar General had a duty to provide safe access to its store, it knew the door was dangerous, and it breached that duty by refusing to fix it. We disagree.

> Under OCGA § 51-3-1, a person who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. In order to recover on a premises liability claim, a plaintiff must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. Accordingly, the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff. In other words, a plaintiff is not entitled to recovery if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.

6

(Citation and punctuation omitted.) *D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 698 (839 SE2d 721) (2020); see also *Cherokee Main Street v. Ragan*, 345 Ga. App. 405, 407 (813 SE2d 397) (2018). As this Court has explained, a property owner has a duty to alert invitees to "hidden dangers or defects not observable" to them. (Citation and punctuation omitted; emphasis in original.) *Williams Investment Co. v. Girardot*, 354 Ga. App. 762, 763 (841 SE2d 436) (2020).

There is, however, no duty to warn of a readily discernible static condition. (Citation and punctuation omitted.) *Jones Lang LaSalle Operations, LLC v. Johnson*, 350 Ga. App. 439, 441 (829 SE2d 629) (2019). "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." Id. 350 Ga. App. at 441. A sliding door, like a revolving door, is a static condition. See *Gervin v. The Retail Property Trust*, 354 Ga. App. 11, 13 (1) (840 SE2d 101) (2020); see also *Owens v. Dekalb Medical Center*, 253 Ga. App. 19, 23 (1) (557 SE2d 404) (2001).

> When a claim involves a static condition, the rule is well established that the basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn her and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does. *If nothing obstructs the invitee's ability to see the static condition, the proprietor*

> *may safely assume that the invitee will see it and will realize any associated risks.*

(Citations and punctuation omitted; emphasis in original.) *Crebs*, 360 Ga. App. at 123; see also *Ridley v. Dolgencorp, LLC*, 353 Ga. App. 561, 563 (839 SE2d 26) (2020) (no duty to warn and no liability on part of proprietor for invitee's trip and fall because concrete parking abutment was open and obvious static condition). Furthermore, "[a]s we have explained, in everyday life, persons are required to negotiate floors, steps, and doorways," and [a defendant is] not responsible for hazards that were open and obvious, and could have been avoided in the use of ordinary care." (Citation and punctuation omitted.) *Crebs*, 360 Ga. App. at 123; see also *D'Elia*, 354 Ga. App. at 699.

Finally,

> Georgia's longstanding prior traversal rule provides that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it and cannot recover for a subsequent injury resulting therefrom. The rule imputing knowledge of a danger to a person who has successfully negotiated an alleged dangerous condition before applies only to cases involving a static condition that is readily discernible to a person exercising reasonable care for his own safety. It is a plaintiff's knowledge

8

of the specific hazard that determines whether the plaintiff can prevail on a premises liability claim.

(Citations and punctuation omitted.) *Gervin*, 354 Ga. App. at 13-14 (1).

First, the door at issue, consisting of a stationary glass pane and a metal frame, was an open and obvious static condition. *Gervin*, 354 Ga. App. at 13 (1); see also *D'Elia*, 354 Ga. App. at 699; *Owens*, 253 Ga. App. at 22-23 (1). There was no evidence that Meadows had trouble seeing the glass door or the door frame; nothing distracted her view of the door; and the lighting inside the store was good. *Crebs*, 360 Ga. App. at 123.

Second, with regard to equal knowledge, the record shows that Dollar General knew the door was broken, and that it had placed a sign on the door on the day of the incident asking customers to open and close the door behind them. On the other hand, Meadows testified she was a regular customer at Dollar General and also knew for over a year and a half that the front door was inoperable and had to be manually opened and closed. Meadows was also aware that a Dollar General employee had previously injured her hand on the same door in 2019 while trying to close it; thus, that there was a possibility injury could occur while attempting to close the door; and

9

that she knew the door was inoperable the day of the incident before she tried to close it. *D'Elia*, 354 Ga. App. at 699; *Crebs*, 360 Ga. App. at 123.

Third, Meadows had entered through this door, which she knew was inoperable, at least once on the day prior to the incident. Dollar General had no duty to warn Meadows of a static condition of which she had equal knowledge and which she had successfully traversed just minutes before the incident occurred. *Crebs*, 360 Ga. App. at 123; see also *D'Elia*, 354 Ga. App. at 699; *Gervin*, 354 Ga. App. at 13-14 (1). Based on the record evidence, the hazardous condition of the door was not a hidden danger, Meadows had equal knowledge of the door's hazardous condition, and she had successfully traversed the door prior to her injury — all of which precludes her recovery. *D'Elia*, 354 Ga. App. at 698; see also *Williams Investment Co.*, 354 Ga. App. at 763; *Cherokee Main Street, LLC*, 345 Ga. App. at 407. Accordingly, Dollar General was entitled to summary judgment on Meadow's negligence claim, and thus the trial court properly granted its motion.

2. Meadows also argues that the trial court erred in granting Dollar General's motion for summary judgment because a factual question remains as to her knowledge that a Dollar General employee had previously been injured by the door. Dollar

General, on the other hand, contends that Meadows gave contradictory testimony in her deposition regarding this issue and relies on the *Prophecy* rule in support of its argument that such testimony should be disregarded. However, given our conclusion above that Meadows cannot prevail on her claim, we do not reach this argument on appeal.[3]

Accordingly, the trial court's judgment was proper, and we affirm.

*Judgment affirmed. Miller, P. J., and Land, J., concur.*

---

[3] We note that Dollar General asserts in its appellate brief that it is entitled to summary judgment as to Meadow's claims for punitive damages and attorney fees, and further suggests that Meadows has abandoned these claims on appeal. We agree Dollar General is entitled to summary judgement on these claims, as they are derivative of Meadow's substantive claims on which she cannot prevail. *Popham v. Landmark American Ins. Co.*, 340 Ga. App. 603, 612 (4) (798 SE2d 257) (2017) ("[A]wards of punitive damages and attorney fees are derivative of underlying claims, where those claims fail, claims for punitive damages and attorney fees also fail."). We further note that Meadows raises in her appellate brief allegedly misleading filings and statements made by opposing counsel. However, the trial court did not rule on these issues, and thus we decline to address them. *Pneumo Abex, LLC v. Long*, 357 Ga. App. 17, 29 (2) (849 SE2d 746) (2020).